J. C. McCABE, Respondent, v. E. M. JEFFERDS, Auditor, Appellant.

COUNTY GOVERNMENT ACT—COMPENSATION OF PUBLIC ADMINISTRATOR OF TULARE COUNTY—SEPARABLE PROVISION.— Conceding, without deciding, that the last clause of section 170 of the County Government Act of 1897, providing that it should take effect immediately, is unconstitutional, as being special legislation, the provision of that section that the compensation of the public administrator of Tulare county, as a county of the thirteenth class, should be (as before provided when it was of the eleventh class) "such fees as are now or may be hereafter allowed by law," is valid, and separable from the last clause of that section, and was operative when the act, as a whole, took effect; and the public administrator of that county cannot thereafter demand compensation as a salaried officer.

APPEAL from a judgment of the Superior Court of Tulare County. Wheaton A. Gray, Judge.

The facts are stated in the opinion of the court.

F. B. Howard, T. E. Clark, and W. W. Cross, for Appellant.

Charles G. Lamberson, and Power & Alford, for Respondent.

HAYNES, C.—Plaintiff is the public administrator of Tulare county. His term of office commenced January 7, 1895, and will expire on the first Monday in January, 1899. The defendant is the county auditor of said county, and this proceeding is prosecuted by the plaintiff to compel him to issue a warrant upon the county treasurer for eighty-three dollars and thirty-three cents, the amount the plaintiff claims to be due him for his salary as such public administrator for the month of June, 1897. Defendant demurred to the complaint, the demurrer was overruled, and defendant answered. Plaintiff moved for judgment upon the pleadings, his motion was granted, and from the judgment granting a peremptory writ of mandate the defendant appeals.

Under the classification of counties by the County Government Act of 1893 (Stats. 1893, sec. 162, p. 384), Tulare was a county of the eleventh class, and the compensation of the public

administrator in counties of that class was "such fee as the now or may hereafter be allowed by law."

Under the County Government Act, approved April 1, 1897 (Stats. 1897, p. 452), a new classification of counties was made, whereby Tulare county constituted the thirteenth class, and the compensation of the public administrator was therein declared to be (as before) "such fees as are now or may be hereafter allowed by law" (Stats. 1897, sec. 170, subd. 10, p. 522); and by the last clause of said section it was provided: "This section shall take effect immediately."

The concluding sections of the act (page 577) are as follows:

"Sec. 232. All acts and parts of acts inconsistent with this act are hereby repealed.

"Sec. 233. The provisions of sections 158 to 214, inclusive, of this act, so far as they change the compensation of any officer therein named, heretofore paid a fixed salary, or heretofore paid a fixed salary and commissions, and not fees or *per diem*, shall not affect incumbents, unless otherwise provided in any of said sections.

"Sec. 234. This act, except as otherwise herein provided, shall take effect and be in force sixty days from and after its passage."

Respondent contends that the legislature, by section 170, attempted to provide for the salaries of officers of the thirteenth class, but failed to do so, and that therefore the officers of Tulare county are entitled to the salaries provided for officers of counties of the thirteenth class by section 175 of the County Government Act of 1893, which was for the "public administrator one thousand dollars per annum." (Stats. 1893, p. 421.) His demand in this proceeding is based upon the theory that he is now entitled to that salary instead of compensation by fees as provided in the act of 1897.

If we correctly understand respondent's contention, he bases the assertion that section 170 of the act of 1897 failed to provide for the salaries of officers of counties of the thirteenth class upon the last clause of said section, which purports to give it immediate effect; and this upon the ground that said clause "is special legislation and unconstitutional."

I do not think it necessary to consider or decide whether that provision is unconstitutional or not, for if it were the whole act went into full operation and effect (except as to salaried officers) on June 1, 1897, as provided by the last section of the act; and respondent's demand is for his alleged salary for the month of June, 1897. It is therefore clear that he could have recovered his compensation for that month, as fixed by the act of 1897, unless it should be held that the clause giving said section immediate effect, being unconstitutional, vitiated the whole section. But it cannot be so held. This provision giving the section immediate effect is distinct and separable from all its other provisions, and may be stricken out without affecting it otherwise than to leave the time at which it should take effect to be governed by another provision of the same act. In Cooley on Constitutional Limitations (fourth edition, page 215), it is said: "The constitutional and unconstitutional provisions may even be contained in the same section, and yet be perfectly distinct and separable, so that the first may stand though the last fall. The point is not whether they are contained in the same section; for the distribution into sections is purely artificial; but whether they are essentially and inseparably connected in substance. If, when the unconstitutional portion is stricken out, that which remains is complete in itself, and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which was rejected, it must be sustained."

Conceding, then, for the purposes of this decision that the clause giving the section immediate effect is unconstitutional, and therefore void, that part of the section fixing the compensation of respondent and other officers is not affected thereby, and, therefore, as to the respondent, whose compensation had not been changed, and was limited to "the fees allowed by law," the act took effect on June 1, 1897, and his compensation for said month was such only as is fixed by section 170 of the act of 1897, namely, such fees as were then allowed by law to administrators.

I advise that the judgment awarding a peremptory writ of mandate be reversed, and the proceeding dismissed.

Chipman, C., and Searls, C., concurred.

For the reasons given in the foregoing opinion the judgment awarding a peremptory writ of mandate is reversed, and the proceeding dismissed.

McFarland, J., Henshaw, J., Temple, J.