# CHARLESTON.

M. T. GISSY v. BOARD OF EDUCATION OF FREEMAN'S
CREEK DISTRICT

(No. C. C. 409)

Submitted April 10, 1928.   · Decided April 17, 1928.

1. STATUTORY PROVISIONS—

It is the duty of a board of education in any district which does not maintain a high school, or assist in maintaining a county high school, to pay tuition fees of all pupils in its district who have completed the course of study in the elementary schools and who attend public high, schools in other districts or counties, or other schools of high school grade within the state, upon presentation to it of proper certificates, as provided in sec. 81, chap. 45, Code 1923, as amended by sec. 81, chap. 51, Acts 1925.  (p. 431.)

(Schools and School Districts, 35 Cyc. p. 1120.)

2. MANDAMUS—*Mandamus to Require Home District to Pay High School Scholars' Tuition Need Not Allege School is Supervised, or Recognized, as of High School Grade (Code 1923, c. 45, § 81, as amended by Acts 1925, c. 51, § 81).*

And in a mandamus proceeding to enforce such duty it is not necessary for the alternative writ to allege that the public high school, or other school of high school grade which such pupils attended was under the supervision of the state board of education, or other public school officer; or that said. state board, or other public school officer had recognized such school as of high school grade and suitable for attendance of high school pupils.  (p. 432.)

(Mandamus, 38 C. J. § 591.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Certified Case from Circuit Court, Lewis County.

Proceeding by M. T. Gissy for mandamus to be directed to the Board of Education of Freeman's Creek District of Lewis County.   After overruling a demurrer to, and a motion to quash, an alternative writ of mandamus, the trial court certified its ruling.

*Affirmed.*

*Robert Bland,* for plaintiff.
*W. J. Smith,* for defendant.

LIVELY, JUDGE:

Having overruled the demurrer to, and motion to quash the alternative writ of mandamus, the trial court certified its ruling for review.

The petition and alternative writ as amended, in substance, says that relator, M. T. Gissy, is a citizen and taxpayer of Freeman's Creek District of Lewis county, and the father of Francis and Regina Gissy who have completed the course of study in the elementary schools of said district; that said district does not maintain a high school, nor assist in the maintenance of a county high school; that his two children, Francis and Regina, have been sent to St. Patrick's Parochial High School in the city of Weston, in said county, a school of high school grade; that Francis Gissy has attended said school from September, 1923, to June, 1924, his tuition for that time amounting to $30.00; that Francis and Regina have attended said school from September, 1926, to March, 1927, inclusive, and their tuition therein has amounted to $70.00; that he was told by the president of respondent board of education before entering his two children in said school that the board paid tuition of pupils attending high schools or schools of high school grade; that the principal of said Parochial School (said school having no board or president of a board controlling it), has presented certificates to the respondent giving the names of said children and the number of months each was in attendance, said certificates being rendered at the end of each month; that respondent has declined to pay and has not paid the tuition on the alleged ground that the board cannot pay tuition for pupils attending a private school; and that the board has paid and does pay the tuition of pupils, similarly situated, attending the high school at Weston; and prays for mandamus to compel the payment of said tuition to the parochial school.

The demurrer and motion to quash is to the effect that the board is without authority to pay tuition for high school

students who attend private schools, and the parochial school being a private school and not supported by tax levies, the statute does not authorize the board to pay the sums demanded. The court certified that the demurrant assigned and relied upon the proposition that: "The said alternative writ of mandamus does not show that St. Patrick's Parochial High School is such a school as said board of education can, or is required to pay tuition fees of pupils attending said school; that before the said board of education can pay fees in St. Patrick's Parochial High School it must appear that said school is under the supervision of the State Board of Education, or at least that said school is recognized by the State Board of Education as a school of high grade and suitable for high school pupils to attend, and said alternative writ does not show these facts."

The correctness of the court's ruling depends upon the construction and interpretation of the statute, if it needs construction. The statute which governs is sec. 81, of chap. 45, of the Code, as amended by sec. 81, of chap. 51, Acts 1925, and reads as follows: "It shall be the duty of the board of education in any district which does not maintain a high school, or assist in the maintenance of a county high school, to pay the tuition fees of all pupils in its district who have completed the course of study in the elementary schools and who attend public high schools in other districts or counties, or other schools of high school grade within the state", and then after limiting the tuition to be paid by maximum and minimum amounts, provides further, that the tuition shall be paid out of the teachers' fund of the district upon presentation of a certificate giving the names of the pupils for whom tuition fees are due, and the number of months each was in attendance, said certificate to be signed by the president of the board of education or other board controlling the high school, or other school in which tuition pupils were in attendance, and by the principal of the school.

The question raised by the demurrer and certified for review may be divided into two parts; (1) can the board pay tuition of pupils from its district in attendance at private schools of high school grade, unless the private school be

under the supervision of the State Board of Education; and (2) should the alternative writ allege that the State Board of Education has recognized the private school as of high school grade suitable for attendance of high school pupils?

The act in terms says that the board shall pay tuition for its pupils when they leave the district and attend some public high school in another district or county, or other school of high school grade within the state. "Other schools of high school grade within the state" can have no other meaning than private schools of high school grade, for all public schools of high school grade are designated as high schools, and are classified as such under the school law. Note that the statute says they shall have their tuition paid if they attend a *public* high school, or other school of high school grade. There are two classes of schools which they may attend, public or private, the only qualification being that the private school (other school) shall be of high school grade, and that these schools, public and private, shall be within the state. There is nothing in the statute which requires the "other school" to be under the supervision of the State Board of Education. There is an act which requires public, private, parochial and denominational schools in this state to give regular courses in history of the United States, in civics, and in the constitutions of this state and the United States for the purpose of teaching, fostering and perpetuating the ideals, principles and spirit of Americanism, and requiring the State Board of Education and state superintendent to prescribe courses of study covering these subjects for the public, elementary, grammar, high and normal schools, and requiring the officers and boards of private parochial and denominational schools to prescribe similar courses of study for their schools, and providing penalties for violation of the act. But the State Board of Education has no supervision over schools other than public schools; there is no act which gives it that power or jurisdiction. If such was the case, the school over which it took jurisdiction or control would scarcely be private. It has no inherent right to classify private or denominational schools or meddle in their affairs. It may be that such power could be given it by the legislature, (a question not necessary to

decide), but the legislature has not acted; and the right of pupils who have completed the courses of elementary training in the public schools of a district which does not maintain a high school or assist in maintaining a county high school, to have their tuition paid by the district when they attend some public high school or other school of high school grade any-were within the state, is unqualified in that regard. No power is given the Board of Education of any state officer, either direct or by implication, which authorizes it to declare what particular school the pupils shall attend, whether public or private, or in what part of the state. The board's liability is limited in the amount it is required to pay, whether the school be far or near. It was suggested in argument and conference that preference of schools should be given to the public schools, and the writ should state that there was no public high school which the relator's children could *conveniently* enter. If that proposition be tenable the statute would serve no useful purpose, for it is common knowledge that high schools exist in practically every county in the state. There would always be a public high school available. There is nothing in the statute which gives the board dictation of the choice of schools. The only limitation is that the school attended shall be a public high school, or other school of high school grade *in the state.* Where an act is expressed in clear and precise terms, as the one under consideration, and the sense is manifest, there can be no reason to substitute a meaning or surmise or guess about it. *Kelly* v. *Bowman,* 68 W. Va. 49. "Where the words of a statute are plain, free from ambiguity, conveying a plain intent, there is no room for construction by a court, but only for obedience to the legislative will." *Kelly* v. *Bowman,* 68 W. Va. 49; *Kain* v. *Ashworth,* 119 Va. 605. It was further suggested in argument and conference that to allow pupils to attend "other schools of high school grade", when a public high school was equally available, would bring about undue activity and solicitation from denominational schools of such grade for the enlistment of such pupils in their schools, to the detriment of the free schools, and we should interpolate into the plain words of the statute the choice of dictation by the board paying the tuition

as to whether the pupil should attend a public high school or other school of like grade, in order to prevent that suggested imaginary evil. It may be observed that the tuition fees are limited in the Code of 1923, to five dollars per month for each pupil, with a minimum of $2.50. Whether this sum would induce hurtful activity and competitive solicitations from the various denominational schools, is rather a vague assumption. But whether that result may ensue or not, the courts have nothing to do with the wisdom of legislative acts. The legislature has unlimited power except where it is not restricted by the constitution of the state or United States. Even if the courts are convinced that some particular act is unwise or vicious they will not declare the act invalid if not in conflict with the paramount law of the land. To do so would be usurpation of legislative powers, and violate the fundamental division of our government into legislative, judicial and executive branches. *Peel Splint Coal Co.* v. *State,* 36 W. Va. 802; *State* v. *Workman,* 35 W. Va. 367; *Slack* v. *Jacob,* 8 W. Va. 612; *Osborne* v. *Staley,* 5 W. Va. 85. Should the free school system become imperiled, then the act may be changed to meet the peril as the wisdom of the legislative branch may dictate. The statute has been in existence for many years, and tuition has been paid for pupils in denominational schools, and it seems that the contemplated evil has so far failed to materialize. Shall we set up straw men, that we may knock them down? On the second branch of the question certified asking if the alternative writ, in order to make it good on demurrer, should show that the State Board of Education had recognized the parochial school as of high school grade suitable for the attendance of high school pupils, the remarks above will apply when it be observed that no such requirement is found in the statute in order that tuition may be paid. That duty is not imposed upon any official by law. The petition and writ say that the school is one of high school grade, and the demurrer admits it to be such school. Its recognition as such by the State Board, if the private school had applied for such recognition, would be strong evidence that it was of high school grade, possibly conclusive; but because there is no such allegation, and if there was in fact no

such recognition, would not change the fact.  Whether it be of such grade is a question of fact to be determined upon its denial.

The able trial judge pointed out that classification of high schools by state officials pertained to public schools, and where the State Board of Education prescribes standards of the course of study the schools so prescribed for received state aid in whole or in part under sec. 9, chap. 45, Code.

The ruling of the trial court is

*Affirmed.*