ARLOS J. HARBERT

*v.*

THE COUNTY COURT OF HARRISON COUNTY, *etc., et al.*

(CC 710)

Submitted April 10, 1946.   Decided May 21, 1946.

*Steptoe & Johnson* and *James M. Guiher,* for plaintiff.

*Powell, Clifford & Jones,* for defendants.

HAYMOND, JUDGE:

In this proceeding in mandamus, instituted in the Circuit Court of Harrison County, West Virginia, the petitioner, the Honorable Arlos J. Harbert, Judge of the Criminal Court of Harrison County, seeks a peremptory writ to require the respondents, the County Court of Harrison County, its individual members and its clerk, to pay him an annual salary of $5,000.00 instead of $4,000.00, from June 8, 1945, as provided by Chapter 163 of the Acts of the Legislature, Regular Session, 1945. The petitioner relies upon that statute and upon an earlier statute, Chapter 82 of the Acts of the Legislature, Regu-

lar Session, 1937, to support his claim to the increase in salary. To the petition the respondents filed a written demurrer in which they assert that the 1945 Act, if presently applicable to the current four year term of the petitioner, to which he was elected in November, 1944, and which began on January 1, 1945, is violative of that portion of Article VI, Section 38, of the Constitution of this State which declares that the salary of any public officer shall not be increased or diminished during his term of office.

The Circuit Court overruled the demurrer of the respondents and certified to this Court these two questions:

1. Whether Chapter 163 of the Acts of the West Virginia Legislature of 1945, fixing the salary of the Judge of the Criminal Court of Harrison County, West Virginia, at $5,000.00 per year, is, as applied to the salary of petitioner Arlos J. Harbert, unconstitutional as being in conflict with the provisions of Section 38, Article VI, of the Constitution.

2. Whether, aside from the question of the constitutionality of Chapter 163 of the Acts of 1945, petitioner is entitled to receive, at least subsequent to June 8, 1945, a salary of $5,000.00 per year, and hence to the relief prayed for in his petition, by virtue of the provisions of Chapter 82 of the Acts of the West Virginia Legislature of 1937.

The first of these questions is constitutional in character; the second requires the application of principles of statutory construction. Both are of far reaching practical importance and both call for careful and painstaking consideration.

The facts in the case are not disputed and the contentions of the parties present purely legal issues.

The Criminal Court of Harrison County was created by the Legislature of this State by Chapter 27 of the Acts of the Legislature of 1909, in the exercise of the power and the authority conferred upon it by Article VIII, Section 1 and Section 19, of the Constitution. Section 1 declares that the judicial power of the State

shall be vested in a Supreme Court of Appeals, in Circuit Courts and the judges thereof, in such inferior tribunals as are therein authorized, and in justices of the peace. By that section and other sections of Article VIII of that fundamental instrument the Supreme Court of Appeals, the Circuit Courts and their judges, and justices of the peace, being created and provided for by the Constitution itself, are given the status of constitutional tribunals. The inferior tribunals, for whose creation by the Legislature provision is made in Section 19, and in which class the Criminal Court of Harrison County is included, may appropriately be characterized as legislative or statutory courts.

At the time of its creation by Act of the Legislature in 1909, the salary of the Judge of the Criminal Court of Harrison County, payable out of the funds of the county, was fixed at $2,400.00 per year, a four year term of office was established, and the powers and the jurisdiction vested in the Circuit Courts in the trial of criminal cases and in the Judge of the Circuit Court of Harrison County, in vacation, as to felonies, misdemeanors and other offenses committed within that county, were concurrently conferred upon the judge of the newly created court. The act further provided that the Criminal Court should have concurrent jurisdiction with the Circuit Court in criminal cases and proceedings in general in that county.

By various statutes, enacted between the date of the creation of the Criminal Court of Harrison County and the filing of the petition in this proceeding on August 18, 1945, additional powers have been conferred and increased duties have been imposed upon that court, and it has been given jurisdiction in juvenile cases, in adoption proceedings, and in matters relating to child welfare agencies. By Section 1, Article 3, Chapter 19, Acts of the Legislature of 1945, a change in the child welfare statutes was made which requires the approval of the Judge of the Criminal Court of Harrison County, as the Juvenile Court of that county, to enable either parent, under the age of twenty-one years, of an illegitimate

child, to relinquish, as outlined in the statute, such child to a licensed welfare agency.

At different times the salary of the Judge of the Criminal Court of Harrison County has been changed. By Section 4 of Chapter 12 of the Acts of the Legislature of 1919, it was increased to $4,000.00 per year. It remained at that rate until the year 1929, when by Section 4 of Chapter 146 of the Acts of the Legislature of that year it was raised to the annual sum of $5,000.00; and it continued at that figure until the end of the year 1932. During that year, due to the then existing depression, by Chapter 20 of the Acts of the Legislature, Extraordinary Session, 1932, provision was made for a reduction of twenty per cent in the salaries of public officers whose annual salaries exceeded $3,000.00. This general act, passed August 26, 1932, effective September 1, 1932, contained a provision which required the written consent to such reduction, during their terms, by the officers affected, and excepted officers whose salaries were specially fixed by any act passed at that extraordinary session of the Legislature. On August 27, 1932, the day immediately following the passage of Chapter 20 of the Acts of the Legislature, Extraordinary Session, 1932, and at the same session, the Legislature passed Chapter 27, which provided that the Judge of the Criminal Court of Harrison County, on and after January 1, 1933, at which time a new term of that office began, should receive for his services a salary of $4,000.00 per year. The petitioner, who was a member of the Legislature during the Extraordinary Session of 1932, first took office as Judge of the Criminal Court of Harrison County on January 1, 1933, and, by reason of his re-elections in 1936, 1940, and 1944, he has continued to occupy, and still occupies, that judicial position.

Chapter 82 of the Acts of the Legislature of 1937 was passed on March 9, 1937, and became effective from its passage. Its title is expressed in this language: "An Act to fix the compensation of certain elective and appointive state and county officers, to prescribe the

method of fixing the compensation of other state officers, and of assistants and employees, and to repeal Chapter Twenty of the Acts of the Extraordinary Session of the Legislature of West Virginia, one thousand nine hundred and thirty-two." Section 21 of Chapter 82 provides that the salaries of each and every judge of a criminal, intermediate, domestic relations, or other court of record, inferior to circuit courts, be restored to the sum and amount received as salary by each of such judges prior to the enactment of Chapter Twenty, Acts of the Legislature of West Virginia, Extraordinary Session, one thousand nine hundred and thirty-two; and Section 23 expressly repeals Chapter Twenty which is mentioned in the title and in Section 21 of the act. The concluding sentence of the statute states that all acts or parts of acts inconsisent with it are thereby repealed; it does not, however, mention Chapter 27 of the Acts of the Legislature, Extraordinary Session, 1932.

Continuously from January 1, 1933, the petitioner was paid a salary, in monthly installments, at the rate of $4,000.00 per year, and, after the passage of Chapter 82 of the Acts of the Legislature of 1937, he made no claim for any additional or increased salary, until after Chapter 163 of the Acts of the Legislature of 1945, passed March 8, 1945, became effective on June 8, 1945.

The petitioner bases his claim to the increase in salary upon two main grounds: (1) The Act of the Legislature of 1945, as applied to his present term of office, is not unconstitutional; and (2) the annual salary of the petitioner, which was $5,000.00 at the time of the passage of Chapter 20 of the Acts of the Legislature, Extraordinary Session, 1932, on August 26, 1932, and which continued at that sum until January 1, 1933, when Chapter 27 of the Acts of the Legislature, Extraordinary Session, 1932, passed August 27, 1932, reducing it to $4,000.00, became effective, was restored by Chapter 82 of the Acts of the Legislature of 1937, to the amount of $5,000.00.

In support of the first ground various arguments are advanced. It is urged that Section 38 of Article VI of the Constitution does not apply to members of the judiciary; and in aid of that position it is pointed out that this section appears in the article of the Constitution which deals with the legislative branch of the government of this State. Attention is also directed to a somewhat similar provision, relating to salaries, in Section 19 of Article VII of the Constitution, which applies to the executive branch of the government, and emphasis is given to the absence of any like provision in the original draft of Article VIII of the Constitution which deals with the remaining department of the government, the judicial branch. From these considerations it is insisted that there is no limitation imposed by the Constitution which prohibits an increase or a reduction of the salary of a member of the judiciary of this State.

It is also argued that the judicial amendment to the Constitution, which was ratified by the voters of West Virginia at the general election in November, 1902, and which modified Section 2 of Article VIII as originally embodied in the Constitution, and which amendment expressly declares that the Judges of the Supreme Court of Appeals and of the Circuit Courts shall receive such salaries as shall be fixed by law for those then in or thereafter to come into office, applies to and authorizes a change in the salaries of the judges of all other courts which exercise, in substantial measure, the same powers and the same jurisdiction as are possessed by Circuit Courts, during their terms of office, including the Judge of the Criminal Court of Harrison County.

It is further asserted that the inferior tribunals, mentioned in Section 1, and which by Section 19, of Article VIII of the Constitution, the Legislature is authorized to create, and has from time to time created, being legislative or statutory courts, as distinguished from constitutional courts, and as such the creatures of the Legislature, are subject to its control, not only as to their

creation, their jurisdiction in general, and the term or duration of their existence, but also as to the amount of the salaries of the judges of all such inferior tribunals.

It is also contended that the additional duties and the increase in jurisdiction, from time to time, imposed and conferred upon the Criminal Court of Harrison County, since its creation in 1909, bring this case within the principle that when duties, newly imposed by the Legislature, are not mere incidents of the office, but embrace a new field, and are beyond the scope or the range of the office as it formerly existed or functioned, an increase of salary is not violative of Section 38 of Article VI of the Constitution, as declared by this Court in the case of *Springer v. Board of Education,* 117 W. Va. 413, 185 S. E. 692; and that consequently the section in question does not apply to the salary of the judge of the criminal court.

All these contentions must be rejected for the reasons hereinafter stated.

Little importance, if any, results from the position in the Constitution of Section 38 of Article VI of that instrument; but controlling effect must be given, without reference to its position in the Constitution, to its plain and unmistakable language. In express terms, and in language too clear to admit of speculation or interpretation, the people of this State, in the exercise of their sovereign power, have said: "Nor shall the salary of any public officer be increased or diminished during his term of office". Though these words of ordinary import and meaning are perhaps directed to the Legislature because placed in the article dealing with that department of government, they are comprehensive and they are not so limited in their application. They apply to all the agencies of government.

The Constitution of this State is the supreme law of West Virginia; it is subject only to the Constitution of the United States and the laws of the United States which shall be made in pursuance thereof, and all treaties made or which shall be made, under the authority of the

United States, all of which constitute the supreme law of the land. *United States Constitution,* Article VI, Clause 2. The Constitution of West Virginia is binding upon all the departments of government of this State, all its officers, all its agencies, all its citizens, and all persons whomsoever within its jurisdiction. The three branches of our government, the legislative, the executive, and the judiciary, alike derive their existence from it; and all of them must exercise their power and authority under the Constitution solely and strictly in accordance with the will of the sovereign, the people of West Virginia, as expressed in that basic law. It is the solemn duty of this Court, its creature, to obey and give full force and effect to all its terms and provisions.

That the Judge of the Criminal Court of Harrison County is a public officer is clear beyond question. By statute he is vested with governmental power and, in the performance of his official duties, he exercises, to the extent necessary to discharge them, the sovereign power of the State. These attributes of the office which he occupies constitute him a public officer within the meaning of the above quoted constitutional provision. *Rowan v. Board of Education,* 125 W. Va. 406, 24 S. E. 2d 583; *Jackson v. Board of Education,* 128 W. Va. 154, 35 S. E. 2d 852. The command of the Constitution that the salary of no public officer shall be increased or diminished during his term of office, is a wise and salutary mandate. Its purpose is, to establish definiteness and certainty in the salaries of public officers and to protect and safeguard the independence, the security, and the efficiency of the occupant of every public office. It assures the people that those who serve them as public officers shall give their services during their terms for the amount of compensation for which they were willing to serve and have been selected, and for which they were expected by the people to serve at the time of their entrance upon the performance of their duties. It prevents attacks upon officials by those who may be possessed, at any time, of the means and the will to influence or control their course of conduct

through added income at public expense; and it removes the possibility of increasing in that manner the financial burden of the people by those who possess and exercise the power of government and the authority of public office. The benefits which result from the operation of this provision of the Constitution promote sound and orderly administration of government, and this provision may not be dispensed with, circumvented, or ignored.

The language of Section 38 of Article VI of the Constitution is general and comprehensive and it contains no terms of limitation or exclusion. It therefore embraces and applies to all judges of inferior tribunals and all courts of limited jurisdiction, unless those public officers are clearly exempted or removed from the operation of its scope by some other provision of the same basic law of equal force and effect. No other clause or section of the Constitution so qualifies or limits the language of Section 38 of Article VI, unless the terms of the judicial amendment of 1902 can properly be given that effect.

The pertinent portion of that amendment contains these words: "The judges of the supreme court of appeals and of the circuit courts shall receive such salaries as shall be fixed by law, for those now in or those hereafter to come into office". This language has not heretofore been construed by this Court, but it is evident that its plain effect is to permit the Legislature to increase or diminish, within reasonable limitations, the salaries of the judges of these courts, at any time, before, after, and during their respective terms of office.

At the time the Legislature framed and submitted this amendment to the voters of West Virginia, by Chapter 153 of the Acts of the Legislature of 1901, and when the amendment was ratified by the voters of this State at the general election in November, 1902, there were in existence inferior tribunals or courts of limited jurisdiction created by the Legislature in eight different counties of this State. In each of the Counties of Kanawha, Wood, Fayette, Ohio, Mercer, McDowell, and Cabell, the Legis-

lature had created an inferior court which possessed and exercised jurisdiction in criminal cases, and in Marion County an intermediate court of limited jurisdiction in both civil and criminal cases. Notwithstanding this situation, which the Legislature must be presumed to have known and understood, it made no provision, in the amendment to Article VIII of the Constitution which it submitted to the voters of this State, with relation to the salaries of the judges of any of the then existing courts which it had previously created. It incorporated in the amendment a reference in express terms only to the judges of the Supreme Court of Appeals and of the Circuit Courts. With full knowledge upon its part of the existence of the several legislative courts in the various counties above mentioned, it is clear that the Legislature intended that the judicial amendment should not apply to the judges of those courts or to the judges of any courts other than those specifically mentioned in the amendment. The specific inclusion of the designated judges in the draft of the amendment and the omission from it of the judges of inferior tribunals or courts of limited jurisdiction, in existence at the time, manifest the intention of the Legislature to restrict the scope and the application of the amendment to the judges of the two courts specified by its terms and to exclude from its operation the judges of all other courts.

If, however, the historical background of the amendment were other than that recited, the well recognized and long established principle of interpretation of written instruments that the express mention of one thing implies the exclusion of another, *expressio unius est exclusio alterius,* which here applies, indicates the plain legislative purpose to limit the scope of the amendment to the Judges of the Supreme Court of Appeals and of the Circuit Courts of this State. This Court has said that this applicable principle of construction is of ancient origin and extends to all instruments requiring judicial construction, contracts, deeds, statutes and constitutions. *Downey v. Sims,* 125 W. Va. 627, 26 S.E. 2d 161; *Taylor*

*v. Taylor,* 66 W. Va. 238, 66 S. E. 690. Furthermore, affirmative specifications exclude implication. *Beverlin v. Beverlin,* 29 W. Va. 732, 3 S. E. 36. And, as stated by this Court in a quotation in its opinion in the case of *State Road Commission v. County Court,* 112 W. Va. 98, 163 S. E. 815: "If a written instrument, framed to declare the rights of parties omit a matter that was present to the minds of each, the fact that such matter was not put in writing is conclusive of the intention of the framers of the instrument to leave it out."

The argument that the Judge of the Criminal Court of Harrison County is within the purview of the judicial amendment because that court possesses and exercises in substantial measure concurrent jurisdiction with, and many of the same powers that are conferred upon, the Judge of the Circuit Court of that county, and, by so acting, becomes, in practical effect, an arm or a subdivision of the Circuit Court, is not persuasive. That argument, if pressed to its logical conclusion, proves too much. It leads to the conclusion that any court which so functions is, by such action, transformed into a Circuit Court. Under such reasoning, by the character of its judicial action, any court of limited jurisdiction, created by the Legislature, could change its legal status to a different status of its own selection. No such chameleon like process can be given judicial sanction; and, regardless of the character of its official action, the Criminal Court of Harrison County is, and continues as the type of court it was created and intended by the Legislature to be, a court of limited jurisdiction.

In support of his contention that the authority of the Legislature, under the Constitution, to create and to abolish the Criminal Court of Harrison County, gives it the power to increase or decrease at will the salary of the judge of a court of limited jurisdiction, the petitioner cites and relies upon the case of *Haggerty v. City of New York,* 267 N. Y. 252, 196 N. E. 45, decided by the Court of Appeals of that State in 1935. In that case the con-

stitutionality of an act of the Legislature of that State, which reduced, during his term of office, the salary of a Judge of the Municipal Court of the City of New York, was assailed as violating a section of the Constitution of that State which, in substance, provided that the compensation of all judges, justices and surrogates should not be diminished during their respective terms of office. The section in question of the Constitution of that State of 1925 contained this language: "All judges, justices and surrogates shall receive for their services such compensation as is now or may hereafter be established by law, provided only that such compensation shall not be diminished during their respective terms of office." The Court, by a four to three division, upheld the constitutionality of the statute, on the ground that the constitutional provision under consideration had reference only to judicial offices created or continued by the Constitution of that State, and that the compensation of other judicial officers was left to the control of the Legislature.

That case is distinguishable from the case at bar because it does not involve the consideration or the application of a constitutional provision of the character of Section 38 of Article VI of the Constitution of this State. It does not consider or decide the question of the authority of the Legislature to increase or diminish the salary, within the term, of the judge of a court created by it, in the face of an express constitutional provision which prohibits any change in the salary of a public officer during his term of office. If the sovereign people of West Virginia had not incorporated in the Constitution of this State the express inhibition that the salary of a public officer should not be increased or diminished during his term of office, the Legislature would have had plenary power to increase or decrease at will the salary of the judge of any such court. The Legislature of this State, unlike the Congress of the United States under the Federal Constitution, does not depend for its authority upon the express grant of legislative power. The Federal Constitution is a grant of power; a State Constitution is

a restriction of power. The Constitution of a State is examined to ascertain the restraints, if any, which the people have imposed upon the Legislature, not to determine the powers they have conferred. The Legislature of this State possesses the sole power to make laws and it is necessarily invested with all the sovereign power of the people within its sphere. *Booten v. Pinson,* 77 W. Va. 412, 89 S. E. 985.

This Court has held that the general powers of the Legislature are almost plenary and that it can legislate on every subject not interdicted by the Constitution itself. The test of legislative power in this State is constitutional restriction, and what the people have not said in the organic law their representatives shall not do, they may do. *State Road Commission v. County Court,* 112 W. Va. 98, 163 S. E. 815; *State ex rel. Thompson v. McAllister,* 38 W. Va. 485, 18 S. E. 770; *State v. Dent,* 25 W. Va. 1. In the case of *Howard v. Ferguson,* 116 W. Va. 362, 180 S. E. 529, this Court used this appropriate and clearly applicable language: "The authority of a state legislature is of the essence of sovereignty; it would be absolute but for constitutional limitations. It must stop short when in conflict with a power vested by the states in the Federal government and set forth in the Federal Constitution. Likewise, when in conflict with a restriction of the State Constitution, legislative authority reaches an impasse—a wall of adamant. When thus confronted, legislative action is fruitless. The representatives of the people may not do through legislation that which the people themselves have said in their Constitution may not be done. If there be conflict between constitutional inhibition and legislative enactment, the courts must adhere to the former and disregard the latter. Both cannot be law. The Constitution must stand; such enactment cannot."

The people of this State, however, through the express command of the Constitution, imposed as a restraint upon the power of the Legislature the specific inhibition against increasing or diminishing the salary of any pub-

lic officer during his term of office. This inhibition this Court is required to recognize, uphold and enforce in this proceeding. This Court must preserve unimpaired the organic law in all its parts and it can not disregard a plain mandate of the Constitution directed against that type of legislation. Its solemn duty is to support the Constitution. *State v. Haskins,* 92 W. Va. 632, 115 S. E. 720.

There is no merit in the contention that the additional powers and duties conferred from time to time upon the Criminal Court of Harrison County by the Legislature operate to change the character of the office of the judge of that court to such extent as to remove the increase of salary provided by the Act of the Legislature of 1945, from the inhibition of Section 38 of Article VI of the Constitution. A careful examination of the various statutes amendatory of the Act of the Legislature of 1909, creating the Criminal Court of Harrison County, subsequently enacted, reveals that the new and additional powers and duties conferred and imposed upon that court do not embrace a new field and are not beyond the scope or the range of the office of judge of that court as it had originally existed and functioned. They are merely incident and germane to the office as it has existed and functioned since it was created in 1909. To avoid the operation of the constitutional inhibition against increasing or diminishing the salary of a public officer within his term the duties newly imposed upon him by the Legislature must not be mere incidents of the office which he holds but must embrace a new field and be beyond the scope and the range of the office as it formerly existed and functioned. *Springer v. Board of Education,* 117 W. Va. 413, 185 S. E. 692. Those necessary requirements have not been met or satisfied in this case. In the *Springer* case, in discussing the scope and the operation of Section 38 of Article VI of the Constitution, this Court said: "Where, by legislative action, there are imposed on an officer new duties which are incident and germane to his office as theretofore constituted, such increase of in-

cidental duties will not justify an increase of salary in the face of a constitutional inhibition against increasing the salaries of public officials within their terms."

In resolving the constitutional question certified here by the Circuit Court of Harrison County it is necessary for this Court to ascertain the legal effect of the Act of the Legislature of 1945, designated as Chapter 163, passed March 8, 1945, to become effective June 8, 1945. That act, omitting the title and the enacting clause, consists of one section and contains this language:

> "The judge of the criminal court of Harrison county, West Virginia, shall, from the effective date hereof, receive for his services a salary of five thousand dollars per year; said amount to be paid in twelve equal monthly installments from year to year by the county court of said county, out of funds of said county, in the manner provided by statute."

It is evident that if the terms of the statute apply to and make effective the salary of the Judge of the Criminal Court of Harrison County as of June 8, 1945, and during his current four year term of office, which began on January 1, 1945, the statute contravenes and violates the provisions of Section 38 of Article VI of the Constitution of this State which prevents it from having that effect.

A statute, however, may be unconstitutional and void in its application to a part of its subject matter and valid as to the remainder. It may be constitutional in operation with respect to one state of fact and unconstitutional as to another. 11 Am. Jur., Constitutional Law, Section 163. "Constitutional and unconstitutional provisions may even be contained in the same section, and yet be perfectly distinct and separable, so that the first may stand though the last fall. * * * If, when the unconstitutional portion is stricken out, that which remains is complete in itself, and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which was rejected, it must be sustained." Cooley, Constitutional Limitations, 8th ed.,

Volume 1, Page 361. See Lewis' Sutherland, Statutory Construction, 2d ed., Section 296. "The fact that a section or a portion of a section of an act is unconstitutional does not necessarily render the whole act void. If the legislative purpose, as expressed in the valid portions of an act, can be accomplished independently of the unconstitutional portion, and, considering the entire act, it cannot be said that the legislature would not have passed the valid portion had it been known that the invalid portion must fail, effect will be given to so much as is good." *English v. State*, 31 Fla. 340, 12 S. 689. Lewis' Sutherland, Statutory Construction, 2d ed., Section 297. In *Prichard v. DeVan*, 114 W. Va. 509, 172 S. E. 711, this Court held in Point 5 of the syllabus: "When a part of an Act is invalid but the remainder reflects the legislative intent and is complete in itself, then the remainder will be upheld."

It is reasonably clear that in enacting Chapter 163 of the Acts of the Legislature of 1945, it was the primary intention of the Legislature to increase permanently the annual salary of the Judge of the Criminal Court of Harrison County to the sum of $5,000.00 and that, though it undertook to make the increased salary effective within the current term of that office, it also intended to fix that salary for the future and not merely for and during that term. It will be presumed that the Legislature intended to enact a valid, effective, and permanent statute. "Though one provision of a statute is repugnant to the Constitution, yet if it is distinct in operation, and separable from the other parts of the statute, that provision will be ignored and the other parts stand." *State v. Sixo*, 77 W. Va. 243, 87 S. E. 267. In *State ex rel. Dillon v. County Court*, 60 W. Va. 339, 55 S. E. 382, in its opinion, this Court uses this language: "When a statute, containing an invalid clause, is so framed that elimination of said clause leaves the residue of it in such form that, if it had been so passed originally, it would have been a complete and valid statute, courts do not declare the entire statute void because of the insertion of the illegal ex-

ception." Likewise, a statute can not be overthrown by the courts as unauthorized unless the want of power in the Legislature to pass it is undoubted. *Booten v. Pinson,* 77 W. Va. 412, 89 S. E. 985. An invalid provision that an act shall take effect at a specified time does not impair the validity of the remainder of the statute, if it is otherwise unobjectionable, or prevent it from taking effect at a future date which is not interdicted by any constitutional limitation. *Attorney General v. Lindsay,* 178 Mich. 524, 145 N. W. 98; *McCabe v. Jefferds,* 122 Cal. 302, 54 P. 897; *Riley v. Carrico,* 27 Okla. 33, 110 P. 738; Annotation: Ann. Cas. 1916D, 32. An insolvency law, void so far as it attempts to discharge obligations created before its passage, may be valid so far as its operation is prospective. *Sturges v. Crowninshield,* 4 Wheat., (U. S.) 122, 4 L. ed. 529.

Giving effect to the principles stated in the standard texts and treatises referred to above, and enunciated in the cases cited, this Court holds that to the extent that Chapter 163 of the Acts of the Legislature of 1945 applies to its effective date of June 8, 1945, and attempts to fix the salary of the Judge of the Criminal Court of Harrison County at the sum of $5,000.00 per year as of that date, and within his term of office, it is violative of Section 38 of Article VI of the Constitution of this State. Since the subject matter of the act, however, is within the legislative power, and since only its provisions with respect to the time it takes effect are invalid because in conflict with the limitation imposed by the Constitution, which prohibits the operation of the statute during the present term of office of the Judge of the Criminal Court of Harrison County, it must stand, except as to its invalid portions, as a valid legislative enactment until amended or repealed, but it can not become operative or legally effective until the commencement of the next term of office of the judge of that court. *Howard v. Ferguson,* 116 W. Va. 362, 180 S. E. 529.

The remaining question for decision involves the effect of Chapter 82 of the Acts of the Legislature of 1937, enacted to take effect on March 9, 1937, upon the salary of the petitioner, when considered with and in the light of Chapter 20 and Chapter 27 of the Acts of the Legislature, Extraordinary Session, 1932, reference to both of which has already been made. In discussing these statutes it is pertinent to state that after the passage of Chapter 82 of the Acts of the Legislature of 1937, nothing whatsoever has occurred to indicate that the Legislature entertained the view that his salary had been increased, by way of restoration, from $4,000.00, the annual salary fixed by Chapter 27 of the Acts of the Legislature, Extraordinary Session, 1932, as of the commencement of his four year term on January 1, 1933, to $5,000.00, the amount of the annual salary as it existed immediately before the passage of Chapter 20 of the Acts of the Legislature, Extraordinary Session, 1932, on August 26, 1932, other than a single reference to Section 21 of Chapter 82 of the Acts of the Legislature of 1937, which appears in the title to Chapter 163 of the Acts of the Legislature of 1945. It is appropriate also to remark that, during the two successive terms of office of the Judge of the Criminal Court of Harrison County which have commenced since the enactment of Chapter 82 of the Acts of the Legislature of 1937, on January 1, 1941, and on January 1, 1945, the first of which terms expired on December 31, 1944, as well as during the residue of the four year term which began on January 1, 1937, which continued for almost that length of time after the passage of Chapter 82 of the Acts of the Legislature of 1937, no claim was advanced by the petitioner that he was entitled to an increase in his salary and no effort was made by him to obtain recognition or payment of any increase until after the enactment of Chapter 163 of the Acts of the Legislature of 1945.

These facts and circumstances are not, of course, of controlling importance in ascertaining the effect upon the salary of the petitioner of Chapter 82 of the Acts of

the Legislature of 1937. That question must be determined by the correct application of sound legal principles of statutory construction which in turn rest upon the determination of the legislative intent in enacting that statute. But they are of value, and may not be wholly disregarded, in the judicial process of ascertaining the intention of the Legislature when it passed Chapter 20 and Chapter 27 of the Acts of the Legislature, Extraordinary Session, 1932, and Chapter 82 of the Acts of the Legislature of 1937. It should be kept in mind also that Chapter 20 dealt with a general reduction in salaries, Chapter 82 with a general restoration of salaries that had been previously reduced, and Chapter 27 solely with a reduction in the salary of the Judge of the Criminal Court of Harrison County, which office, by reason of the passage of Chapter 27 at the same session at which Chapter 20 was passed, was excluded from the operation of that general statute.

Repeal of a statute by implication is not favored in law; and a general statute should not be construed to repeal a special law unless it does so by express words, or unless the words which it employs manifest a plain intention to repeal. *Kimball v. Loughney,* 70 W. Va. 765, 74 S. E. 953; *Coal & Coke Ry. Co. v. Conley and Avis,* 67 W. Va. 129, 67 S. E. 613. Statutes are not considered to be repealed by implication unless the repugnancy between the new provisions and a former statute be plain and unavoidable, and a construction which repeals former statutes or laws by implication, and divests long approved remedies, is not favored by the courts. *Forqueran v. Donnally,* 7 W. Va. 114; *Belknap v. Shock,* 125 W. Va. 385, 24 S. E. 2d 457; *United States Coal & Coke Co. v. Turk,* 127 W. Va. 368, 33 S. E. 2d 463. The rule is well settled that to repeal a statute by implication there must be such positive repugnancy between the provisions of the new and the old that they can not stand together or be consistently reconciled. *State v. Enoch,* 26 W. Va. 253; *Clemans v. Board of Education,* 68 W. Va. 298, 69 S. E. 808. A statute general in its terms and without negative

words will not be construed to repeal by implication the particular provisions of a former statute which are special in their application to a particular case or class of cases, unless the repugnancy is so glaring and irreconcilable as to indicate the legislative intent to repeal. *Sturm v. Fleming,* 31 W. Va. 701, 8 S. E. 263; *Powell v. Parkersburg,* 28 W. Va. 698; *McConiha v. Guthrie,* 21 W. Va. 134; *C. & O. R. R. Co. v. Hoard,* 16 W. Va. 270. In the case of *Clemans v. Board of Education,* 68 W. Va. 298, 69 S. E. 808, the question arose whether a special act of the Legislature of 1872, constituting the City of Wheeling an independent school district and prescribing numerous other related matters and things, was repealed by the enactment of a general school law for the State by the Legislature of 1908. In holding that the later general act did not repeal the earlier act dealing with a specific subject, this Court said in Point 3 of the syllabus:

"A statute treating a subject in a general manner, and not expressly contradicting a prior special act in relation to a detail of that subject, shall not be considered as intended to affect the more particular previous provision, unless it is absolutely necessary to give the latter act such construction in order that its words may have any meaning at all."

In the case of *State ex rel. Marcum v. County Court,* 90 W. Va. 105, 110 S. E. 482, this Court held in Point 3 of the syllabus:

"An implied repeal or modification of a statute cannot arise out of supposed legislative intent in no way expressed, however necessary or proper it may seem to be."

As previously stated, no express reference to Chapter 27 of the Acts of the Legislature, Extraordinary Session, 1932, appears anywhere in Chapter 82 of the Acts of the Legislature of 1937. That statute specifically declares in its title, among other things, that it is an act to repeal Chapter 20 of the Acts of the Legislature of West Virginia, Extraordinary Session, 1932, and it expressly repeals that statute by Section 23, the language of which

is that Chapter 20 of the Acts of the Legislature of West Virginia, Extraordinary Session, 1932, is thereby repealed. If it had been the intention of the Legislature to repeal Chapter 27 of the Acts of the Legislature, Extraordinary Session, 1932, it could, and doubtless would, have done so by the use of clear and apt terms. The absence of any such language is significant, and such absence indicates an intention upon the part of the Legislature not to repeal or amend Chapter 27 of the Acts of the Legislature, Extraordinary Session, 1932. Again the maxim *expressio unius est exclusio alterius* applies. It is true that the last sentence of Section 24 of Chapter 82 of the Acts of the Legislature of 1937, contains the words "all acts or parts of acts inconsistent herewith are hereby repealed". But these words, in that general statute, are not sufficient, of themselves, to effect the repeal of a prior statute which deals with a particular subject, unless there arises actual and destructive inconsistency between the two enactments. This Court has so held. *Clemans v. Board of Education*, 68 W. Va. 298, 69 S. E. 808.

Moreover, if the Legislature intended to repeal or amend Chapter 27 of the Acts of the Legislature, Extraordinary Session, 1932, by Chapter 82 of the Acts of the Legislature of 1937, it is difficult to understand its action in passing Chapter 163 of the Acts of the Legislature of 1945, which, in the situation which the petitioner insists existed, would have been entirely useless and wholly unnecessary. The Legislature is presumed to know existing laws relating to the same subject, and to understand the situation with which it undertakes to deal. 50 Am. Jur., Statutes, Section 354; *State ex rel. County Court v. Keedy*, 124 W. Va. 408, 20 S. E. 2d 468. It is not reasonable to assume that it engaged in any such uncalled for and unnecessary conduct or procedure. It is, however, reasonable to conclude that the Legislature, in enacting Chapter 163 of the Acts of the Legislature of 1945, believed that Chapter 82 of the Acts of the Legislature of 1937, did not repeal or amend Chapter 27 of the Acts of

the Legislature, Extraordinary Session, 1932, and that to accomplish that result it was necessary to enact, as it did, Chapter 163 for the declared purpose of amending and re-enacting the various statutes referred to in the title and in the body of that act, in order to restore the salary of the Judge of the Criminal Court of Harrison County to the annual amount of $5,000.00. If Section 21 of Chapter 82 of the Acts of the Legislature of 1937, had so restored and established the salary of that judicial office, there was, and could be, no excuse for, and no reason in, such legislative action. Furthermore, there is no glaring and irreconcilable repugnancy or conflict between Chapter 27 of the Acts of the Legislature, Extraordinary Session, 1932, and Section 21 of Chapter 82 of the Acts of the Legislature of 1937, to indicate that the later statute deprives the earlier statute of its efficacy or renders its provisions nugatory. In that situation this Court should regard the two laws as operating together, and should give effect to the provisions of each statute. In the circumstances of this case, this Court will not make an application of Section 21 of Chapter 82 of the Acts of the Legislature of 1937, which the Legislature itself did not make or intend to make. See *United States Coal & Coke Co. v. Turk*, 127 W. Va. 368, 33 S. E. 2d 463.

Another rule of statutory construction, to be kept in mind, requires an examination of the entire instrument with the view of arriving at the true legislative intention in enacting each of its parts. *Gas Company v. Wheeling*, 8 W. Va. 320. Reference also should be made to the subject matter and the purpose of a statute in order to reach the proper construction of its terms; and the whole statute should be considered. *Bloyd v. Scroggins*, 123 W. Va. 241, 15 S. E. 2d 600. Though Section 21 of Chapter 82 of the Acts of the Legislature of 1937, provides that the salary of each and every judge of a criminal, intermediate, domestic relations, or other court of record, inferior to circuit courts, is restored to the sum and amount received as salary by each of such judges prior to the enactment of Chapter 20 of the Acts of the Legis-

lature, Extraordinary Session, 1932, these words, when read and considered in connection with the language contained in the title and in Section 23 of the act which expressly deal with the repeal of Chapter 20 of the Acts of the Legislature, Extraordinary Session, 1932, are not controlling in the determination of the true intention of the Legislature in enacting the statute in which they appear. When, in ascertaining their effect, consideration is given to the absence of any mention of Chapter 27 of the Acts of the Legislature, Extraordinary Session, 1932, to the failure of the Legislature to make any reference whatsoever to the Judge of the Criminal Court of Harrison County or to that court, to the omission from the act of any express provision for the repeal or the amendment of Chapter 27 of the Acts of the Legislature, Extraordinary Session, 1932, which dealt specifically and solely with the salary of the judge of that court, to the clearly intended objects and purposes of each of the different acts hereinabove mentioned and discussed, and to the legislative history and background which gave rise to their passage, it becomes manifest that the Legislature did not intend to give the language of Section 21 the effect of repealing or amending Chapter 27 of the Acts of the Legislature, Extraordinary Session, 1932, or of restoring the salary of the Judge of the Criminal Court of Harrison County to the annual sum of $5,000.00. This conclusion is supported by the application of the well recognized canons of construction stated in Lewis' Sutherland, Statutory Construction, 2d ed., Sections 368 and 370, and quoted by this Court in the case of *Moss Iron Works v. County Court*, 89 W. Va. 367, 109 S. E. 343, that a statute is passed as a whole, and not in parts or sections and is animated by one general purpose and intent; that each part or section should be considered in connection with every other part or section, and so as to produce a harmonious whole; and that words and clauses must be read in a sense which harmonizes with the subject matter and the general purpose of a statute. The rule is also firmly established that a statute should be construed in its entirety and as a whole. The general

intention is the key to the whole and the interpretation of the whole controls the interpretation of its parts. 50 Am. Jur., Statutes, Section 352.

Keeping in mind these principles of statutory construction, and the requirements necessary to accomplish the repeal or the amendment of a prior statute dealing with a particular subject by a later general statute, as expressed in the foregoing citations, careful examination and mature consideration by this Court of the terms of Section 21 of Chapter 82 of the Acts of the Legislature of 1937 lead to the conclusion that the language of that section was not intended by the Legislature to repeal or amend Chapter 27 of the Acts of the Legislature, Extraordinary Session, 1932, or to restore the salary of the Judge of the Criminal Court of Harrison County to the annual amount of $5,000.00, either during his current term at the time of its enactment in 1937, or at the commencement of any of his succeeding terms, including the present four year term which began on January 1, 1945, and that the provisions of Chapter 82 of the Acts of the Legislature of 1937 do not operate to accomplish any of those objects or results.

In the light of the foregoing discussion it is evident that the first certified question must be, and it is, answered in the affirmative and that the second certified question must be, and it is, answered in the negative.

For the reasons stated, the Circuit Court of Harrison County should have sustained the demurrer of the respondents to the petition in this proceeding. Accordingly, its action in overruling the demurrer is reversed and this case is remanded to that court with directions to sustain the demurrer of the respondents and, as it is manifest that the petition is not susceptible of amendment, to dismiss this proceeding at the cost of the petitioner.

*Reversed and remanded with directions.*

KENNA, PRESIDENT, dissenting:

I agree that Chapter 163 of Acts of 1945 cannot effect the salary of the Judge of the Criminal Court of Harrison County for the term during which that Act became effective for the reasons stated in the majority opinion. Beyond that I find no fault with the statements of principle in that opinion, but disagree with their application. In my opinion the Court is permitting rules of construction to mislead it in applying plain language where no rules of construction are needed. , They should be resorted to only where the intention of the Legislature can be arrived at in no other way, but not where the language of the enactment under consideration is plain. *Kelley & Moyers v. Bowman,* 68 W. Va. 49, 52, Pt. 1 Syl., 69 S. E. 456; *State v. Patachas,* 96 W. Va. 203, 207, Pt. 3 Syl., 122 S. E. 545; *Gissy v. Board of Education,* 105 W. Va. 429, 433, 143 S. E. 111.

Immediately prior to the enactment of Chapter 20, Acts of the Extraordinary Session of 1932, the salary of the Criminal Judge of Harrison County was $5,000.00 per annum.

Section 21 of Chapter 82 of the Acts of 1937 reads as follows:

> "The salary *of each and every judge* of a criminal, intermediate, domestic relations, or other court of record, inferior to circuit courts, is restored to the sum and amount received as salary by each of such judges *prior to the enactment of chapter twenty,* acts of the Legislature of West Virginia, extraordinary session, one thousand nine hundred thirty-two." (Italics supplied.)

I believe that when the provision quoted spoke of "each and every judge" of the named courts, the words "each and every" referred to them singly and collectively and that the Legislature in using them meant exactly what it said.

The rule referred to in the majority opinion with reference to a subsequent general statute not repealing by implication the terms of a special act, and for that reason the salary of the Criminal Judge of Harrison County fixed at $4,000.00 per annum by Chapter 27 of the Acts of the Extraordinary Session of 1932, which followed Chapter 20 just referred to, remains fixed at $4,000.00, in my judgment has no application to the case at bar. In the first place, the rule spoken of is not a hard and fast rule. In addition, even though it were accepted as a settled rule of construction, under the West Virginia cases cited in the majority opinion it has no effect if the words of the subsequent general act "manifest a plain intention to repeal". As far as the Criminal Court of Harrison County is concerned, surely there can be no doubt that the subject of the enactment of Chapter 27 of the Acts of the Extraordinary Session of 1932 is embraced within Chapter 82 of the Acts of 1937. That being so, if the subsequent act is repugnant to the former act, general or special, the later act undoubtedly becomes effective, call it repeal, supersedence, or what you will. *United States v. Claflin,* 97 U. S. 546, 24 L. ed. 1082; *Howard v. Hulbert,* 63 Kan. 793, 66 P. 1041, 88 Am. St. Rep. 267; *The People v. Town of Thornton,* 186 Ill. 162, 57 N. E. 841; *The People v. McCann,* 247 Ill. 130, 149, 93 N. E. 100; *Schott v. Auto Ins. Underwriters,* 326 Mo. 92, 31 S. W. 2d 7; *Huston v. Scott,* 20 Okla. 142, 94 P. 512; *State ex rel. Simpson v. Chicago, M. & St. P. Ry. Co.,* 118 Minn. 380, 383, 137 N. W. 2. The repugnancy is demonstrated by the fact that the Legislature made the Act of 1937 apply without exception to each and every judge of the named courts. Surely no Judge of a Criminal, Intermediate, Domestic Relations, or other court of record inferior to Circuit Courts, in the State of West Virginia would have the temerity to assert in even a criminal case that that language does not apply to him.

The majority opinion states that the circumstances arising after the Act of 1937 are not controlling concerning the construction of that act's meaning and with this

I heartily agree. It happens that the same person occupies that bench at present as in 1937. That being so I do not comprehend why the present incumbent should be penalized for not asserting his right to a five thousand dollar a year salary, perhaps because he did not realize at that time that the previous salary had been restored to the office he occupied. That means that he took no active part in supporting the measure that restored the salary of his office and benefited him one thousand dollars per annum. Since Judge Harbert was then on the bench and had recently been a member of the Legislature, it strikes me that his lack of knowledge, or assertiveness, could as well be due to a sense of propriety as to a misinterpretation. The present proceeding brought by him is based upon questions of law arising after the Legislature had spoken twice.

For the foregoing reasons, although agreeing with the discussion of the principles of law contained in the majority opinion but believing that the circumstances before the Court in this case do not warrant their full application, I dissent.