FRANK FOSTER *and* AUBREY ROBERTSON

*v.*

GEORGE M. COOPER, *Judge, etc.*
THIRTY-SECOND JUDICIAL CIRCUIT

(No. 13157)

Submitted January 18, 1972.    Decided February 1, 1972.

620

*Danny O. Cline,* Prosecuting Attorney, for relators.

*E. V. Morton, Jr.,* for respondent.

*Swadley & Taylor, James H. Swadley, Jr.,* amici curiae on behalf of Mineral County Bar Assn.

CAPLAN, JUDGE:

The petitioners in this original proceeding in prohibition, Frank Foster, B. D. Marple and Aubrey Robertson, are residents, taxpayers and legal voters of Braxton County, West Virginia and are also the duly elected and acting commissioners of the county court of said county. In this proceeding they seek to prohibit the respondent, George M. Cooper, Judge of the Circuit Court of Braxton County, from further assuming jurisdiction as such judge and from assuming any powers or performing any such functions. A rule was granted by this Court, returnable January 18, 1972, at which time the case was submitted for decision on the petition and answer thereto and upon the briefs and oral arguments submitted and made by counsel for the parties hereto. Amicus curiae briefs were also submitted on behalf of the bar associations of Mineral and Grant counties.

The legislature at its regular session, 1971, enacted committee substitute for H.B. 700. This act, subsequently approved by the governor, amended and reenacted the provisions of Section 1, Article 2, Chapter 51 of the Code of West Virginia. It created two replica judicial circuits, one of which was the thirty-second comprised of the counties of Braxton, Clay, Gilmer and Webster. The act further provides for the appointment of a judge of said circuit by the governor in the same manner as appointments are made to fill vacancies in the office of circuit judge and provides that such appointee shall serve until his successor is elected and qualified.

Pursuant to this act the Governor of the State of West Virginia appointed the respondent, George M. Cooper, to the office of Judge of the Circuit Court of the Thirty-second Judicial Circuit. Subsequently, the respondent

ordered these petitioners, as county commissioners, to pay a certain sum of money to Murleen B. Campbell as salary for her services as the court reporter. The petitioners, contending that the constitutionality of the creation of the Thirty-second Judicial Circuit was subject to question, refused to honor the respondent's order. The respondent thereupon charged these petitioners with contempt of court and the petitioners, after complying with the respondent's order under protest, instituted this proceeding.

Prior to the submission of this case for decision, B. D. Marple, one of the original petitioners, moved that his "name be removed, deleted and withdrawn as one of the Petitioners" in the original petition. This motion was granted by this Court and the name of B. D. Marple was removed as a petitioner in this proceeding.

On February 1, 1972, this Court, by order, held that the legislative act creating the Thirty-second Judicial Circuit was unconstitutional in that it violated the provisions of Section 14, Article VIII of the West Virginia Constitution. This opinion is now filed for the purpose of stating the reasons for that decision.

The sole question in this case is the validity of the aforesaid act of the legislature creating replica judicial circuits. It is the position of the petitioners that such act is clearly unconstitutional in that it was passed at a session of the legislature other than a session next preceding the general election of the judges of the judicial circuits of West Virginia and is, therefore, in violation of the provisions of Article VIII, Section 14 of the Constitution of West Virginia. The respondent, of course, takes the opposite view and says that a proper reading and construction of Section 14, Article VIII of the Constitution, when considering the need for additional circuits, compels the construction that such act is constitutional.

Pertinent to the consideration of this case is Article VIII, Section 14 of our Constitution which reads as follows: "The legislature may rearrange the circuits herein provided for at any session thereof, next preceding any

general election of the judges of said circuits, and after the year one thousand eight hundred and eighty-eight, may, at any such session, increase or diminish the number thereof."

As reflected by the above quoted constitutional provision, the legislature is specifically clothed with the authority to create new judicial circuits. This, however, may not be accomplished in a manner inhibited by the constitution. The legislature has almost plenary power, having the authority to enact any measure not restricted by the constitution. That basic law, enacted by the people, is a restriction of power, not a grant thereof. See *State ex rel. Metz* v. *Bailey,* 152 W.Va. 53, 159 S.E.2d 673; *State ex rel. County Court of Marion County* v. *Demus,* 148 W.Va. 398, 135 S.E.2d 352; *Robertson* v. *Hatcher,* 148 W.Va. 239, 135 S.E.2d 675; *Tanner* v. *Premier Photo Service, Inc.,* 147 W.Va. 37, 125 S.E.2d 609; and *Harbert* v. *The County Court of Harrison County,* 129 W.Va. 54, 39 S.E.2d 177.

Section 14, Article VIII of our constitution, in clear and indisputable language, provides that the legislature may rearrange the judicial circuits or it may increase or diminish the number thereof. However, that section contains a definite limitation as to when the legislature may so act. It may rearrange the circuits "at any session thereof, next preceding any general election of the judges of said circuits" and it may, "at any *such session,* increase or diminish the number thereof." (Italics supplied) The words "such session" can refer only to "any session thereof, next preceding any general election of the judges of said circuits." This constitutional language, being clear in its meaning, need not and should not be construed but should be accorded its ordinary connotation and applied.

In arriving at the meaning of a constitutional provision, as of a statute, the province of construction lies wholly within the domain of ambiguity. When there is no ambiguity and the clarity of a constitutional provision appears without question, the courts will not attempt to construe the language but will apply it as clearly written.

See *Crockett* v. *Andrews,* 153 W.Va. 714, 172 S.E.2d 384; *State ex rel. Board of Trustees* v. *City of Bluefield,* 153 W.Va. 210, 168 S.E.2d 525; *Cummins* v. *State Workmen's Compensation Commissioner,* 152 W.Va. 781, 166 S.E.2d 562; *J. D. Moore, Inc.* v. *Hardesty,* 147 W.Va. 611, 129 S.E.2d 722. Applying the foregoing principles, it becomes clear that the framers of our constitution, in that basic law enacted by the people, restricted the legislature in the manner in which it could increase the number of judicial circuits.

As heretofore noted, the legislature has been granted the authority to create new judicial circuits but such action is limited by Article VIII, Section 14 of the West Virginia Constitution to its session next preceding the general election of circuit judges. This was reflected in the decision of this Court in *Howard* v. *Ferguson,* 116 W.Va. 362, 180 S.E. 529. Point 2 of the Syllabus of that case reads as follows:

> "Under sections 10 and 14, Article VIII of the Constitution of West Virginia, rearrangements of judicial circuits may be made effective only at the expiration of the regular elective terms of circuit judges."

The limitation upon legislative authority to increase the number of judicial circuits appears in the same constitutional section as that pertaining to rearrangement of such circuits. Thus, the legislature is precluded from increasing the number of judicial circuits except as permitted in Article VIII, Section 14 of our constitution.

Inasmuch as the legislature in the instant case undertook to increase the number of judicial circuits at a session other than one "next preceding any general election of the judges of said circuits," it acted in an unconstitutional manner and the act amending and reenacting Section 1, Article 2, Chapter 51 of the Code of West Virginia is unconstitutional, void and of no effect.

For the reasons stated in this opinion the writ of prohibition was awarded.

*Writ awarded.*