MARY JANE VANDEVENDER, *etc., et al.*

*v.*

GREY M. CASSELL, *Superintendent of Schools Pendleton County, et al., etc.*

(No. 13495)

Decided October 1, 1974.

Concurring Opinion October 1, 1974.

*Daniel F. Hedges* for relators.

*George I. Sponaugle* for Pendleton County Supt. of Schools, and others.

*Cletus B. Hanley,* Deputy Attorney General, *James S. Arnold,* Assistant Attorney General for State Supt. of Schools.

BERRY, JUSTICE:

This is an original proceeding in mandamus instituted by the petitioners, all of whom are residents of Pendleton County and parents of children who attend public schools in Pendleton County, to compel the respondents, Grey M. Cassell, Superintendent of Schools of Pendleton County, the members of the Board of Education of Pendleton County, and Daniel B. Taylor, Superintendent of Schools of the State of West Virginia, to allow all qualified children to attend school without payment of any fees for books, supplies or equipment, and to provide all public school students with such educational materials free of charge. The petitioners allege that the respondents failed to provide textbooks and charged fees for essential instructional materials, thus depriving petitioners' children of a free and quality education. This Court granted a rule in mandamus June 24, 1974, returnable July 9, 1974, but on July 8, 1974, the case was continued generally, and on September 4, 1974, the case was submitted for decision upon the briefs filed on behalf of the respective parties.

In September 1972 Daniel B. Taylor, State Superintendent of Schools, entered an order directing the Pendleton County Board of Education to develop a reasonable policy for determining student eligibility for receipt of textbooks without charge. On October 18,

1972, the Pendleton County Board of Education voted to purchase and furnish textbooks without charge for all students in Pendleton County who requested them. The Board felt that it was not in a position to determine which children would be eligible to receive textbooks if eligibility were dependent upon the economic situation of the child's family. On October 13, 1972, the school principals of Pendleton County were informed by the County Superintendent of Schools in Pendleton County of the State Superintendent's ruling concerning the textbooks, and the principals were asked to make a survey in their respective schools to determine the students who did not have all of their books, and to submit the titles of the books the students would need for the 1973-1974 school year. It appears that before the 1972-1973 school year ended the students were given a list of books they would need for the forthcoming year and were requested to take that list of books home to their parents. The list, in addition to showing the required books for the forthcoming year, showed the cost of each book. On August 29, 1973, the principals were informed that they should send a memorandum to each teacher in their school directing the teachers to list the names of the children who did not have books and also to list the books they needed.

The petitioners allege that their children are required to pay for textbooks and workbooks even though they cannot afford them. The petition also alleges that certain students who were in the vocational agriculture class were required to pay a standard $6 fee. However, the depositions reveal that this $6 fee was an optional fee that constituted dues for membership in the Future Farmers of America. The petitioners allege that fees were charged for physical education uniforms, but again the depositions reveal that such uniforms were optional and were not required for participation in that class. It appears that during the 1972-73 school year Circleville High School charged a one dollar locker fee to students. However, the principal of Circleville High School stated in his deposition that such lockers were optional and

that for the school year 1973-74 no fee was charged. The principal also denied the allegation in the petition that the school or various teachers charged fees for paper and pencils and denied that there was a $5 fee for chemistry classes.

Petitioners contend the respondents are not operating an efficient system of "free" schools as required by Article XII, Section 1, of the West Virginia Constitution, in that the respondents have failed to furnish textbooks and workbooks without charge and have charged fees for educational materials necessary for the successful completion of the regular public school curriculum. Petitioners further contend that because they are indigent their children have been denied equal protection of the law and due process as guaranteed by the Fourteenth Amendment to the Constitution of the United States because they do not have equal access to a quality education as do those students whose families are financially secure. Finally petitioners contend that the Pendleton County Board of Education has no statutory grant of power to impose fees for educational materials, and thus the respondents' actions are in excess of their delegated powers and are therefore ultra vires.

The respondents contend that this case is moot and should be dismissed because the respondents have complied with the law and have offered to furnish textbooks free for all those students in Pendleton County who requested them. Respondents further reply that the petitioners' children were furnished with textbooks without charge and the only materials that were purchased by the petitioners were a few workbooks which would have been supplied free of charge if petitioners had so requested.

Although the question involved in this proceeding has never been presented to this Court, it has been presented and resolved by the highest courts in other states with constitutional provisions relating to "free" schools similar to West Virginia's. The courts in other states have held that textbooks and materials necessary for

the completion of the required school curriculum should be provided without charge. However, materials and supplies not necessary for the student's completion of the school curriculum need not be supplied to the students. Moreover, fees should not be charged for any activities in connection with the required curriculum. *Granger v. Cascade County School District No. 1*, 159 Mont. 516, 499 P.2d 780 (1972); *Paulson v. Minidoka County School District No. 331*, 93 Idaho 469, 463 P.2d 935 (1970); *Bond v. Public Schools of Ann Arbor School Dist.*, 383 Mich. 693, 178 N.W.2d 484 (1970).

Article XII, Section 1, of the West Virginia Constitution provides: "The legislature shall provide, by general law, for a thorough and efficient system of free schools." Code, 18-5-21, as amended, provides that the board of education of every county *may* purchase the necessary textbooks to be used in the free schools by the students attending such schools. *Code*, 18-5-21a, as amended, provides: The board of education of every county *shall provide* the textbooks to be used in the free schools for the pupils whose parents, in the judgment of the board, are unable to provide the same; such textbooks shall be those adopted by the state board of education." (Emphasis supplied.)

It can readily be seen that under the constitution and laws of this state textbooks must be provided free where the parents are unable to provide them in order that all students in the public schools will have the textbooks that are required to be used. Even if the statute in this state did not mandatorily require that textbooks be provided without charge for students whose parents were unable to provide them, the refusal to provide such textbooks would be a denial of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States. *Carpio v. Tucson High School Dist. No. 1 of Pima County*, 21 Ariz. App. 241, 517 P.2d 1288 (1974). *See, Brown v. Board of Education of Topeka*, 347 U.S. 483, 74 S. Ct. 686, 98 L. Ed. 873 (1954).

In the instant case the State Superintendent of Schools, Daniel B. Taylor, in September 1972, ordered the Pendleton County Board of Education to develop a reasonable policy for determining students' eligibility for receipt of textbooks free of charge. On October 18, 1972, the Pendleton County Board of Education ordered that textbooks be provided without charge for all students who requested them, regardless of their financial ability to purchase them. All of the school principals in Pendleton County were informed of the order of the State Superintendent of Schools and they were directed to make a survey in each of their schools to determine the students who did not have the required textbooks and to submit a list of the books needed by the students for the school year 1973-74. The teachers furnished a list of the names of those children who needed books and books were furnished to them. The names of the petitioners' children who received textbooks are listed in the exhibits.

The contention of the petitioners that their children were required to pay the $6 fee to attend a vocational agriculture class is not supported by the evidence. It appears from the depositions that the $6 fee was a voluntary fee for dues to be paid by those students who desired to belong to the Future Farmers of America. The evidence indicates that contrary to the contention of the petitioners' lockers were optional and no fee was charged for the year 1973-74; in addition, physical education uniforms were optional and were not required for participation in physical education classes.

Under a "free" school system fees cannot be charged as a requirement for students to be admitted to school nor can fees be charged for any required course under the curriculum set up by the state board of education. However, this does not apply to extracurricular activities which are not necessary under the required curriculum. *Paulson v. Minidoka County School District No. 331, supra.*

Textbooks, workbooks and materials necessary for use in the required curriculum in the public schools of this state must be provided without charge for needy students in order that all students have the necessary textbooks and materials to successfully complete their public school education. However, it appears from the evidence in the case at bar that the respondents have complied with the requirements of the law since free textbooks and materials are being furnished to the students in the school system in Pendleton County.

It has been repeatedly held by this court that he who seeks relief by mandamus must show a clear legal right to the relief prayed for. *State ex rel. Greenbrier County Airport Authority v. Hanna*, 151 W. Va. 479, 153 S.E.2d 284 (1967); *State ex rel. Fox v. The Board of Trustees of the Policemen's Pension or Relief Fund of the City of Bluefield*, 148 W. Va. 369, 135 S.E.2d 262 (1964); *State ex rel. Evans v. Kennedy*, 145 W. Va. 208, 115 S.E.2d 73 (1960). The petitioners in this proceeding have not satisfied that requirement and the writ prayed for is, therefore, denied.

*Writ denied.*

SPROUSE, JUSTICE, concurring:

I concur with the decision as expressed in the majority opinion. I differ, however, with that part of the decision which limits the distribution of free textbooks, workbooks, and other necessary materials to needy students. Article XII, Section 1, of the West Virignia Constitution provides: "The legislature shall provide, by general law, for a thorough and efficient system of free schools." I cannot interpret "free" as pertaining only to indigent pupils. The first rule in ascertaining the meaning of words in a constitution is to give effect to plain meaning of such words. *State ex rel. Browning v. Blankenship*, 154 W. Va. 253, 175 S.E.2d 172. Where meaning of a word used in a constitution is plain, it is not necessary to resort to extrinsic evidence to determine its meaning. *Foster v. Cooper*, W. Va., 186 S.E.2d 837

(1972). *See also, Crockett v. Andrews,* 153 W. Va. 714, 172 S.E.2d 384 (1970).

The record in the instant case disclosed that the Pendleton County school system was in effect supplying free school material to all students. For this reason, I concur in denying the writ of mandamus. It is clear to me, however, that where state constitutions contain language providing for free schools, such as Article XII, Section 1, of the West Virginia Constitution, that this means free schools for students of all economic classes. *Paulson v. Minidoka County School District,* 93 Idaho 469, 463 P.2d 935; *Bond v. Public Schools of Ann Arbor School District,* 383 Mich. 693, 178 N.W.2d 484; *Granger v. Cascade County School District,* 159 Mont. 516, 499 P.2d 780.

I am authorized to state that Justice Haden joins in this concurring opinion.