

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 1, 1975

The Honorable M. L. Brockette
Commissioner of Education
Texas Education Agency
201 E. 11th Street
Austin, Texas 78701

Opinion No. H- 702

Re: Authority of school districts
to charge fees for certain courses,
school supplies and extra-curricular
activities.

Dear Commissioner Brockette:

You have asked whether a school district may impose any or all of the
following fees:

1. Tuition for driver education training.
2. Charges for school supplies and instruction and
   lab fees in conjunction with normal academic,
   vocational or physical education classroom in-
   struction or training.
3. Fees for extra curricular activities, such as
   band uniforms, athletic lockers and towels,
   and club membership.

The Legislature is directed by article 7, section 1 of the Texas Constitution
to establish "an efficient system of public free schools. "The Supreme Court has
held that the Legislature alone is authorized to interpret and implement this con-
stitutional provision:

> Since the Legislature has the mandatory duty
> to make suitable provision for the support and
> maintenance of an efficient system of public free
> schools, and has the power to pass any law re-
> lative thereto, it necessarily follows that it has
> a choice in the selection of methods by which the
> object of the organic law may be effectuated. The
> Legislature alone is to judge what means are
> necessary and appropriate for a purpose which the
> Constitution makes legitimate. The legislative
> determination of the methods, restrictions, and
> regulations is final, except when so arbitrary as
> to be violative of the constitutional rights of the
> citizen. Mumme v. Marrs, 40 S. W. 2d 31, 36
> (Tex. Sup. 1931).

p. 3037

The Legislature has not seen fit to authorize any of the charges about which you inquire in the Education Code or any other statute. By contrast, certain other charges are specifically mentioned in the Education Code. We note, for example that section 16.864 of the Education Code authorizes a district to impose tuition for the fourth quarter, section 21.063 permits a district to assess a tuition fee for transfer students, section 26.66 provides for tuition and fees for rehabilitation students and section 27.03 authorizes the imposition of tuition and fees for vocational training. The Legislature not having authorized charges in the area of your inquiries, and having specifically permitted charges in other areas, would argue for the conclusion that the Legislature did not intend to authorize charges for those activities about which you inquire. State v. Richards, 301 S.W. 2d 597, 600(Tex. Sup. 1957); Federal Crude Oil Co. v. Yount-Lee Oil Co., 52 S.W. 2d 56, 60 (Tex. Sup. 1932).

In a decision rendered by then Commissioner of Education J. W. Edgar on April 4, 1966, it was held that the assessment by a school district of supply, towel and locker fees and the enforcement thereof by the withholding of a student's report card constitute "compulsory fee assessments unauthorized by law." Commissioner Edgar stated in his decision that

> [i]n the absence of specific authority expressly granted, constitutional or otherwise, empowering a school district to assess or impose and collect the defined 'supply fee,' made intentionally compulsory by the simple expedient of withholding report cards and/or transcript until paid, it would be and is my best judgment and opinion that the imposition and collection of same is without legal support and contravenes the spirit and intendment of the school laws considered in para materia . . . . Article VII, Section I, Constitution of Texas, has vested in the Legislature the responsibility to make suitable provision for the support and maintenance of an efficient system of public free schools. As I see it, this Constitutional mandate militates against the school district assessing such unauthorized fee, thereby to protect a child or his family, indigent or otherwise, from the experience of harassment or humiliation that can evolve from such impositions and forced collection thereof.

The courts have held that the construction placed upon a statute by the agency charged with its administration, while not binding, is entitled to substantial weight. Calvert v. Kadane, 427 S. W. 2d 605, 608 (Tex. Sup. 1968); Armco Steel Corp. v. Texas Employment Comm'n., 386 S. W. 2d 894, 896 (Tex. Civ. App. --Austin 1965 writ ref'd, n. r. e. ).

On the basis of the 1966 decision rendered by the Commissioner of Education and the Supreme Court's language in Mumme v. Marrs, supra, and in the absence of any specific legislative sanction, it is our opinion that a school district does not have the authority to impose any of the charges about which you inquire.

For purposes of this opinion, it is not necessary to determine what kind of fees, if any, the Legislature might authorize under article 7, section 1 of the Texas Constitution. We note, however, that there is a significant difference of opinion among the appellate courts of other states as to what is required by a constitutional provision establishing a system of "free public schools. " See Vandevender v. Cassell, 208 S. E. 2d 436 (W. Va. 1974); Board of Education v. Sinclair, 222 N. W. 2d 143 (Wis. 1974); Granger v. Cascade County School District No. 1, 499 P. 2d 780 (Mont. 1972); Hamer v. Board of Education of School District No. 109, 265 N. E. 2d 616 (Ill. 1971); Bond v. Board of Public Schools of Ann Arbor School District, 178 N. W. 2d 484 (Mich. 1970); Paulson v. Minidoka County School District No. 331, 463 P. 2d 935 (Idaho 1970); Chandler v. South Bend Community School Corp. , 312 N. E. 2d 915 (Ind. App. 1974); Hamer v. Board of Education of School District No. 109, 292 N. E. 2d 569 (Ill. App. 1973).

## SUMMARY

In the absence of specific legislative sanction, a school district does not have the authority to impose tuition for driver education training; charges for school supplies and instruction and lab fees in conjunction with normal academic, vocational or physical education classroom instruction or training; or fees for extra-curricular activities, such as band uniforms, athletic lockers and towels, and club membership.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad: