# CHARLESTON

## STATE v. MYERS et al.

Submitted June 3, 1914.   Decided June 16, 1914.

1. STATUTES—Construction—Intent.

In construing statutes the legislative intent is the controlling consideration, and to arrive at such intention it is sometimes necessary to exclude from the operation of a statute things included within its letter.   (p. 491).

2. SAME—Repeal.

There is a strong presumption against legislative intention to repeal an existing statute by the enactment of a subsequent one dealing with a different subject and containing no express reference to the former.   (p. 491).

3. PRINCIPAL AND SURETY—Liquor License—Action on Bond—Judgment Against Principal—Conclusiveness.

The liability of a surety on a liquor license bond, executed pursuant to Sec. 28, Ch. 32, Code, conditioned to pay any fine and costs that may be adjudged against the principal for violating any of the conditions of the bond, is not affected by Ch. 37, Acts 1907, amending and re-enacting Sec. 1, Ch. 101, Code.   The judgment against the principal, in such case, is conclusive evidence of the surety's liability.   (p. 490).

Error to Circuit Court, Tucker County.

Action by the State against Ira C. Myers and others. Judgment for plaintiff, and defendants Joseph Schilansky and others bring error.

*Affirmed.*

*J. W. Harman,* for plaintiffs in error.

*A. A. Lilly,* Attorney General, *John B. Morrison* and *J. E. Brown,* Assistant Attorneys General, for the State.

WILLIAMS, JUDGE:

The State recovered a judgment for $123.95 against Hiram Rubenstein and Ira C. Myers, principals, and J. Schilansky and Anna Rubenstein, sureties, in an action of debt upon a retail liquor dealer's license bond, and the sureties were awarded this writ of error. The bond was in the penalty of $3,500 and conditioned as required by Sec. 28, Ch. 32, serial

section 1144, Code 1913. There was a demurrer to the declaration and also a demurrer to plaintiff's evidence, both of which were overruled.

It is insisted that the demurrer to the declaration should have been sustained, because, as counsel for plaintiffs in error contends, the declaration does not aver that the act for which the fine was imposed, which is sought to be recovered in the action, occurred within the time covered by the term of the license for which the bond was given. This objection is not well founded. The declaration avers that the bond was made on the 20th June, 1908, and sets out its conditions, which are the conditions named in the section of the Code above cited. It recites that license to sell spirituous liquors, wine, porter, ale, beer and drinks of like nature, at retail in a certain building in the town of Laneville, Tucker county, was granted to Ira C. Myers and Hiram Rubenstein for a term beginning on the 22nd June, 1908, and ending on 30th June, 1909, and avers that they violated the conditions upon which said license was granted them, that, on the 4th March, 1909, they were found guilty of selling and giving spirituous liquor to John Nordeck, a minor, and on the 11th June, 1909, were adjudged to pay a fine of $40 and costs of prosecution amounting to $83.95. Those allegations show that the fine was imposed for violating a condition of the license, and also that the license and the bond covered the same period of time. The violation must, therefore, have occurred while the bond was in force. It was not necessary to allege the date on which the violation occured. The averment of the breach of the condition of the bond is sufficiently definite and certain.

Complaint is made that defendants were not allowed to plead "conditions not broken" and "nil debit". They were permitted to plead, and did plead "conditions performed". That is the usual plea in actions upon bonds with collateral conditions, whether the action be in form of debt or covenant. Hogg's Pl. & Forms, Sec. 222, and 226; *State* v. *Hays,* 30 W. Va. 107; and *Poling* v. *Maddox,* 41 W. Va. 779. Strictly speaking there is no general issue plea in an action of debt or covenant on a bond with collateral conditions. Authorities, *supra,* and *Mix* v. *People,* 86 Ill. 329. And

under the plea of covenants performed, plaintiffs in error were entitled to make full defense in this particular case, and hence they were not prejudiced by the rejection of the pleas.

It is contended that it was not proven that Myers and Rubenstein violated the condition of their license, within the period covered by the bond sued on. In this counsel is in error, for it is clearly deducible from facts admitted and facts proven, that the penalty imposed was for a violation of the particular license covered by the bond. The record contains an admission by counsel for defendants, made at the trial, that Myers and Rubenstein had no license in 1908, prior to June 22, 1908. At that time the license was granted for the period covered by the bond. It is proven by the indictment and the judgment thereon, that the fine was imposed on the the 11th June, 1909, for a conviction had on the 4th March, 1909, upon an indictment found at the December term, 1908. These facts, all taken together, prove that the offense was committed during the license period in question. The offense charged was violating the condition of their license, within a year prior to the finding of the indictment. This must have been a violation of the license in question, because it was agreed they had no other in the year 1908, and any previous license they could have had would have ended on the 30th June, 1907, which was more than a year before the indictment. Sec. 39, Ch. 32, Code.

Complaint is made that the record of the indictment and conviction of Myers and Rubenstein and of the judgment imposing the fine, was improperly admitted as evidence against the sureties over their objection. The record was certainly admissible, and was conclusive proof, as to the principals in the bond, but whether it was evidence of the sureties' liability depends upon the proper construction of Ch. 37, Acts 1907, amending and re-enacting Sec. 1, Ch. 101, Code. Counsel insists that that statute repeals, by necessary implication, Sec. 28, Ch. 32, Code, pursuant to which the bond was executed. We do not think so. Ch. 37, Acts 1907, deals with the rights of sureties in general, and reads as follows: ''The surety or guarantor or endorser (or his personal representative) or any person bound by any con-

tract may, if a right of action has accrued thereon, require
the creditor (or his personal representative,) by notice in
writing, forthwith to institute suit thereon; and if he be
bound in a bond with collateral condition or for the perform-
ance of some collateral undertaking, he shall also specify
in such requisition the breach of the condition or undertak-
ing for which he requires suit to be brought; provided, how-
ever, that whether the surety, grantor or indorser (or his
personal representative) shall have given notice or not, no
judgment or decree or recovery rendered, entered or had in
any suit, action, prosecution or proceeding, to which the
surety, guarantor or indorser (or his personal representative)
was not a party regularly served with process, shall be in
any wise binding on such surety, guarantor or indorser (or
his personal representative), and notwithstanding such de-
cree, judgment or recovery the surety, guarantor or indorser
shall be allowed to make any such defense in any action,
suit or proceeding instituted against him, that could have
been made in the suit in which such decree, judgment or
recovery was had." Prior to this statute, the surety on
a bond, conditioned to pay any judgment that might be
recovered against his principal, was bound by the judg-
ment when so recovered. The judgment against the prin-
cipal bound the surety, in the absence of fraud, and deter-
mined his liability. *State* v. *Nutter,* 44 W. Va. 385, and
*State* v. *Abbott,* 63 W. Va. 189. We think this is still the
law. The legislature clearly did not intend to repeal Sec.
28, Ch. 32, by the enactment of Ch. 37, Acts 1907. There
is no language in the latter act expressly referring to the
former, and nothing, except the comprehensiveness of the
terms used, to indicate that the legislature meant to include
the surety on a liquor seller's license bond. Repeal by im-
plication is not favored; it is not to be presumed that the
legislature intended to repeal a particular statute by enacting
another which deals with a different subject and makes no
reference to the former. The real purpose and intention of
the legislature is the guiding star in the construction of
statutes, and it is sometimes necessary to extend the mean-
ing of the statute to things not strictly within its letter, and
to exclude from its operation things which do not fall within

its letter, in order to arrive at the true intention of the law-makers. *Brown* v. *Gates,* 15 W. Va. 131; *Railway Co.* v. *Conley,* 67 W. Va. 129; and *Grubb's Adm'r.* v. *Sult,* 32 Grat. 203. There being no words in Ch. 37, Acts 1907, specifically indicating an intention to repeal Sec. 28, Ch. 32, Code, there is a presumption against legislative intention to repeal it by implication. *Railway Co.* v. *Conley, supra,* (syl. pt. 27). The construction of the statute contended for by counsel for plaintiffs in error would produce great confusion in our present system of laws and would produce much useless and expensive litigation; it would destroy the force of every bond given to perfect an appeal from a judgment rendered by a justice of the peace, and every supersedeas bond given on an appeal to this court; and would make it necessary to re-try, in a separate suit against the surety, the matter already litigated and determined in the action against the principal, notwithstanding the surety has expressly undertaken to satisfy that very judgment. Such construction would limit the effect of the express undertaking of the surety. Notwithstanding a surety had expresssly undertaken to satisfy any judgment that may be rendered against his principal in any pending or contemplated suit or proceeding, he could, nevertheless, say that what he had agreed to do was not binding on him, and demand a retrial of the case against his principal, in an action against the surety on the bond. But the legislature was not dealing with the subject of the right to contract, and therefore could not have intended such a result. If a surety has obligated himself to pay a judgment or fine that may be imposed on his principal, why should not such judgment or fine determine his liability? He has expressly stipulated that it shall be the condition of his bond; it is the very thing which he has agreed to pay. Our conclusion is, that in all such cases the surety is estopped, in the absence of fraud or collusion, to controvert the judgment recovered against his principal, notwithstanding Ch. 37, Acts 1907. It was not the purpose of said act to destroy the evidential character of a judgment against the principal alone, in a subsequent action against the surety on his bond to collect the judgment, wherein payment of such judgment was a condition of the bond. It is not necessary for us to

decide, and we do not now undertake to say, what effect the new statute may have upon the rights of a surety on a bond with collateral conditions other than to pay a judgment that may be recovered against his principal. It may be that the rights of a surety in such a case are materially changed by the statute, but this question we are not now called upon to decide. The judgment imposing a fine upon Myers and Rubenstein was conclusive evidence of the liability of plaintiffs in error to pay the same, and the court, therefore, properly excluded the testimony of witness Rubenstein, offered for the purpose of contradicting the record.

It appears that there were six prosecutions against Myers and Rubenstein for violations of their license, and an equal number of actions on the bond were pending to recover the several penalties imposed. There is a good deal of confusion in the testimony of the clerk of the circuit court, as to whether the taxation of costs amounting to $83.95 for which recovery was had in this case, belonged to indictment No. 6, for unlawfully selling liquor to John Nordeck, a minor, or to indictment No. 1. But we think it sufficiently appears that said costs belonged to indictment No. 6. The judgment is affirmed.

                                        *Affirmed.*