THE STATE OF WEST VIRGINIA *at the Relation of* THE COUNTY COURT OF BERKELEY COUNTY, *a Public Corporation, etc. v.* HAROLD O. KEEDY *in His Capacity as Clerk of the County Court of Berkeley County, West Virginia.*

(No. 9364)

Submitted May 19, 1942. Decided May 26, 1942.

*Clarence E. Martin, Jr., Prosecuting Attorney,* for petitioner.

*Hugh S. Byrer* and *E. L. Luttrell,* for respondent.

RILEY, JUDGE:

Code, Chapter 3, Article 2, as amended by Chapter 43, Acts West Virginia Legislature, 1941, provides for the establishment of a uniform permanent registration system for all elections to be held within the State. Under the provisions thereof, the Secretary of State is the chief registration official and the county court is the chief reg-

istration authority in each respective county with the power and duty to "supervise the county clerk and registrars in the performance of their respective duties." Code, 3-2-18, authorizes the county court "to provide for clerical assistance at reasonable compensation, to aid in the administration of registration."

Relator, The County Court of Berkeley County, and respondent, Harold O. Keedy, Clerk of the County Court of said county, each appointed a clerical assistant to aid in the administration of registration. In its petition relator asserts its right under the statute to make the appointment, denies the authority of the county clerk so to do, and invokes the original jurisdiction of this Court to command, through issuance of a writ of mandamus, the respondent clerk to permit its appointee to enter respondent's office and assume her duties as clerk to aid in the administration of the uniform permanent registration of qualified voters in Berkeley County. The answer and demurrer of respondent deny and challenge relator's right and assert the validity of the appointment made by him. The assertion of authority of each of the parties to appoint presents the basic question for determination.

The gist of relator's position is that since the statute constitutes the county court the chief registration authority within the county, with the duty and power to supervise the county clerk, and specifically empowers it to provide for clerical assistance, the county clerk is a mere employee of the court, subject to its orders and directions, in so far as the registration of voters is concerned and that the responsibility of a person appointed to perform clerical assistance would likewise be to the court, and hence the appointee should be some one upon whom the county court could rely. Relator argues also that the statute in question does not specifically authorize an appointment by a county clerk; and, since it is the responsibility of the county court to effectuate the permanent registration, that court, by legislative intendment, has such administrative authority as may be necessary and reasonable for the accomplishment of such purpose.

Initially we observe that the offices of the county court

and clerk of the county court have their origin in the State Constitution, which provides that their respective duties shall be such as are prescribed by law. West Virginia Constitution, Art. 8, Sections 24 and 26. In connection with the permanent registration of voters, the legislature has allotted to each certain functions. While it is true that the county court is designated the chief registration authority within the county, the duties which devolve upon the clerk emanate from specific direction as found in the statute. A canvass of the respective duties imposed upon the county court and the clerk reveals that those which fall upon the court are supervisory in character, while the detail work comes within the duties which the legislature has prescribed shall be performed by the county clerk. Hence, it appears to be clear that the power of the county court to provide for clerical assistance to aid in the administration of registration is a permissive authority to be exercised where the personnel of the respective offices of the county court and the county clerk are insufficient to accomplish the purposes of the registration statute.

In the instant proceeding the county court seeks to compel the county clerk to permit its appointee to enter the latter's office to aid in the registration work. Is relator's clerk to perform work in aid of duties assigned to the court or to the county clerk? The record does not disclose. Relator does not challenge the qualifications of the clerk's appointee, and this controversy presumes the necessity of aid. Respondent cites Code, 6-3-1 (a) and 7-7-7, as authority in denial of relator's claim. This authorizes a county clerk, with the consent of the county court, to appoint "any person or persons his deputy or deputies," and the latter is authority for county clerks to appoint, in addition to their deputies, assistants and other employees. Here it is observed that under the statute relating to the registration of voters, the term "county clerk" as defined therein includes an authorized "deputy". This is pertinent when it is considered that Code, 3-2-18, makes no mention of provision for "deputy" but simply for clerical assistance. It is manifest, therefore, that the legisla-

ture must have intended some distinction between the aid which might be rendered by a deputy and that which is nominated in the statute as "clerical assistance". There can be no equivocation that the duties which the statute specifically directs shall be done by the clerk may not be done by a person appointed to render "clerical assistance" unless such person shall attain the status of deputy.

May we say that Code, 3-2-18, quoted above, repeals the authority in Code, 7-7-7, to appoint in so far as clerical assistance to aid in the administration of registration is concerned?  Are the words "Provide for" to be construed a limitation of the heretofore unlimited appointive authority accorded by Code 7-7-7?  The guide for statutory construction here is clear.  There is a strong presumption against legislative intent to repeal an existing statute by a subsequent one dealing with a different subject and containing no express reference to the other. *State* v. *Myers,* 74 W. Va. 488, 82 S. E. 270; *Twentieth St. Bank* v. *Jacobs,* 74 W. Va. 525, 82 S. E. 320, Ann. Cas. 1917D, 695.  Another salutary rule is that in the enactment of a statute the legislature must be presumed to have acted with full knowledge of all prior statutes dealing with the same subject matter. *State* v. *Jackson,* 120 W. Va. 521, 199 S. E. 876.

Argument may be advanced that had it been the legislative intent that county clerks should have the authority to make appointment of persons necessary to register voters, then there would have been no necessity for inclusion of power in the registration statute, since Code, 7-7-7, already provided such authority, and therefore to give significance to Code, 3-2-18, it follows that there was intendment that county courts should provide not only the financial means but the personnel as well.  Such an argument, however, is not appealing for the reason that unnecessary language, often merely cumulative of other existing statutory provisions, finds its placement in the drafting of legislative enactments.  Moreover, we are impressed with the thought that had there been an intention to place appointment of a county clerk's clerical assistant with the court, this exceptional legislative direc-

tion would have been placed in the statute in positive language, as the fiat of the law-making body of the government and not left for the judicial interpretation.

We must therefore conclude that the power accorded the county court, under Code, 3-2-18, to provide for clerical assistance, when considered with Code, 7-7-7, contemplated provision of funds and not appointive power of personnel where clerical assistance to aid in the administration of registration is requisite to the accomplishment of those duties which the statute has imposed upon county clerks.

The writ of mandamus will be refused.

*Writ refused.*