ALL CITIES PRIVACY CLASS, Plaintiff-Appellant,

v.

HARTFORD FIRE INSURANCE COMPANY,
Defendant-Respondent.

Court of Appeals

*No. 2010AP1738. Submitted on briefs February 25, 2011.
—Decided April 26, 2011.*

2011 WI App 71

(Also reported in 798 N.W.2d 909.)

483

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Robert K. O'Reilly* and *John D. Blythin* of *Ademi & O'Reilly, LLP*, of Cudahy.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Eric J. Meier* of *Whyte Hirschboeck Dudek S.C.*, of Milwaukee, with *T. Scott Leo* and *Michele Killebrew* of *Leo & Weber, P.C., pro hac vice*, of Chicago, IL.

Before Fine, Kessler and Brennan, JJ.

¶ 1. BRENNAN, J.   The All Cities Privacy Class (the "Privacy Class") appeals the circuit court's decision to dismiss the Privacy Class's suit against Hartford Fire Insurance Company ("Hartford"). The Privacy Class argues that its complaint properly sets forth a breach of contract claim relating to Hartford's issuance of a $300,000 surety bond to All Cities Mortgage & Financial, Inc. ("All Cities") and that, therefore, the circuit court erred in granting Hartford's motion to dismiss. We affirm the circuit court.

### BACKGROUND

¶ 2.   The Privacy Class filed a class action lawsuit against All Cities in the United States District Court for the Eastern District of Wisconsin, alleging violations of Wɪs. Stat. §§ 224.71 and 224.77 (2005–06),[1] and the Fair Credit Reporting Act, 15 U.S.C. § 1681b(c)(1)(B) (2006). The complaint alleged that All Cities abused its position as a licensed mortgage banker by improperly accessing the credit reports of over 100 Wisconsin homeowners

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

(members of the Privacy Class)[2] and using that private credit data to market individualized "pre-approved offers" for mortgage loans, which were mailed to members of the class. For reasons unclear from this record, the district court entered a default judgment against All Cities, *see Forrest v. All Cities Mortg. & Fin., Inc.,* No. 06–C-424 (E.D. Wis. July 10, 2008), but the Privacy Class has been unable to collect the judgment from All Cities.

¶ 3.   Because the Privacy Class has been unable to collect its judgment against All Cities, the Privacy Class filed this suit in Wisconsin state court to collect the judgment from Hartford, who issued a surety bond to All Cities under WIS. STAT. § 224.72(4)(d)1. Hartford filed a motion to dismiss the complaint, arguing that the Privacy Class lacked standing to bring the claim.

¶ 4.   The circuit court granted Hartford's motion to dismiss on the grounds that the surety bond, issued in compliance with WIS. STAT. § 224.72(4)(d)1., only obligates Hartford to make payments to "persons to whom the mortgage banker provided services as a mortgage banker," and here, none of the class members received "services" from All Cities. Rather, the circuit court concluded that the members of the Privacy Class merely received solicitations for services. The Privacy Class appeals.

## DISCUSSION

■

¶ 5.   The Privacy Class argues that the circuit court erred in dismissing its complaint against Hartford because the plain language of the surety bond, when read in conjunction with WIS. STAT. §§ 224.72 and

---

[2] The Privacy Class was eventually certified to include 3543 Wisconsin homeowners.

224.77, requires Hartford to pay the judgment entered against All Cities. We review a circuit court's decision to dismiss a complaint independently of the circuit court, *Wausau Tile, Inc. v. County Concrete Corp.*, 226 Wis. 2d 235, 245, 593 N.W.2d 445 (1999), and affirm the circuit court if it appears certain, based upon the complaint, that the "plaintiff cannot recover under any circumstances," *Beloit Liquidating Trust v. Grade*, 2004 WI 39, ¶ 17, 270 Wis. 2d 356, 677 N.W.2d 298. "We accept as true both the facts in the complaint and the reasonable inferences that may be drawn from such facts." *Godoy ex rel. Gramling v. E.I. du Pont de Nemours and Co.*, 2009 WI 78, ¶ 12, 319 Wis. 2d 91, 768 N.W.2d 674. Having reviewed the complaint with these standards in mind, we affirm the circuit court.

¶ 6.  The Privacy Class's appeal requires us to construe the terms of the surety bond. We review the terms of a surety bond like we do the terms of any contract, *Wiegel v. Sentry Indem. Co.*, 94 Wis. 2d 172, 179, 287 N.W.2d 796 (1980), construing the terms to give effect to the intent of the parties as expressed in the language of the bond, *see Danbeck v. American Family Mut. Ins.*, 2001 WI 91, ¶ 10, 245 Wis. 2d 186, 629 N.W.2d 150. If the language of the bond is plain and unambiguous, it is enforced as written, without resort to the rules of construction. *See Folkman v. Quamme*, 2003 WI 116, ¶ 42, 264 Wis. 2d 617, 665 N.W.2d 857. Bond language is not to be interpreted in isolation but in the context of the bond as a whole. *See id.*, ¶ 21.

¶ 7.  Because the bond in this case is statutorily imposed, we must also construe the bond pursuant to the relevant Wisconsin statutes. *See* Wis. Stat. § 224.72(4m)1. " 'It is a generally accepted principle

that the statute which provides for the giving of a bond becomes a part of the bond and imports into the bond any conditions prescribed by the statute but not in fact included in the bond as written.' " *City of Merrill v. Wenzel Bros., Inc.*, 88 Wis. 2d 676, 695, 277 N.W.2d 799 (1979) (citation omitted). If the plain meaning of a statute is clear, we apply the plain meaning. *See State ex re. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110.

¶ 8.    Turning to the surety bond at issue, it states, in relevant part, that Hartford "shall pay any and all moneys that may become due or owing to any person(s) under and by virtue of the provisions of said Section 224.72, Wis. Stats." WISCONSIN STAT. § 224.72(4)(d)1. requires a mortgage banker, like All Cities, to obtain a surety bond that:

> is issued by a surety company authorized to do business in this state, secures the applicant's faithful performance of all duties and obligations of a mortgage banker, *is payable to the division [of banking] for the benefit of persons to whom the mortgage banker provided services* as a mortgage banker, is issued on a form that is acceptable to the division and provides that the bond may not be terminated without at least 30 days' written notice to the division.

(Emphasis added.)

██

¶ 9.    We conclude that the members of the Privacy Class are not "persons to whom [All Cities] provided services," and, therefore, Hartford is not required to pay the judgment rendered against All Cities under the plain terms of the surety bond and WIS. STAT. § 224.72(4)(d)1. *See id.* It is undisputed that the members of the Privacy Class did not solicit the mailing they received from All Cities nor did any members of the class

take out a loan from All Cities based upon the mailing. In fact, the Privacy Class admits in its brief that the mortgage offers were a "sham" and that "All Cities could not, and did not intend to, deliver on its so-called 'pre-approved' offers" of credit. In other words, we agree with the circuit court that while the members of the Privacy Class "received an ad in the mail or a post card offering services" they "have not actually been provided services."

¶ 10. In so concluding, we reject the Privacy Class's argument that we must look to Wis. Stat. § 224.77 to properly interpret Hartford's liability under the surety bond. The surety bond does not reference § 224.77 nor does our holding conflict with the requirements of § 224.77. *See Folkman*, 264 Wis. 2d 617, ¶ 21 (language should be interpreted as part of the whole). Section 224.77 sets forth the penalties for mortgage bankers who do not comply with the relevant statutes; it is silent on the role of the bondholder.

¶ 11. We also dismiss the Privacy Class's argument that our holding frustrates enforcement of the statute. Again, by the Privacy Class's own admissions, the purpose of Wis. Stat. § 224.72(4)(d)1.'s surety requirement "is to hold someone financially responsible for violations of Wis. Stat[.] § 224.77(1), even if the banker becomes insolvent or otherwise takes the money and runs." (Formatting added; quotation marks omitted.) The members of the Privacy Class incurred no actual damages in this case. The judgment the members received amounted to nominal statutory damages, to wit, $100 per member, resulting from a default judgment. All Cities did not "take[] the money and run[]."

*By the Court.*—Judgment affirmed.