A11A1303, A11A1304. HARTFORD FIRE INSURANCE COMPANY v. IFREEDOM DIRECT CORPORATION; and vice versa.

(718 SE2d 103)

MCFADDEN, Judge.

This case involves a claim against a mortgage lender's bond. The claimant seeks to satisfy a previously-obtained judgment against the mortgage lender. Because the acts that gave rise to that judgment occurred before the bond was in effect and the mortgage lender's failure to pay that judgment is not an act that authorizes recovery against the bond, we hold that the insurance company that issued the bond is entitled to summary judgment as to the bond claim.

On appeal from a grant or denial of summary judgment, this court conducts a de novo review of the evidence to determine whether there exist genuine issues of material fact and whether the undisputed facts, when viewed in favor of the nonmoving party, warrant judgment as a matter of law. *Creeden v. Fuentes*, 296 Ga. App. 96 (673 SE2d 611) (2009).

So viewed, the evidence shows that in November 2000, iFreedom Direct Corporation purchased a mortgage from mortgage lender Cotton State Mortgage, Inc. In 2004, after the borrower under the mortgage had failed to make payments, iFreedom sued Cotton State for, among other things, breach of contract and fraud. In 2006, Hartford Fire Insurance Company issued a $150,000 bond to Cotton State pursuant to the Georgia Residential Mortgage Act, OCGA § 7-1-1000 et seq. In 2007, iFreedom obtained a total judgment of $161,224 against Cotton State in its breach of contract action. Cotton State did not pay the award, and iFreedom then made a claim on the $150,000 bond to partially satisfy the judgment.

Hartford denied the claim because the acts which gave rise to Cotton State's liability occurred years before the bond had been issued. Thereafter, iFreedom sued Hartford, seeking to recover against the bond and also alleging bad faith. Both parties moved for summary judgment. The trial court entered summary judgment in favor of iFreedom on the bond, finding that Cotton State's failure to pay the judgment obtained by iFreedom violated the Act and authorized recovery against the bond. But the trial court granted summary judgment in favor of Hartford on the bad faith claim. Hartford appeals from the summary judgment ruling on the bond, and iFreedom cross-appeals from the bad faith ruling.

*Case No. A11A1303*

1. Hartford asserts that the trial court erred in granting summary judgment to iFreedom on its bond claim and in denying summary judgment to Hartford on that claim because, contrary to

the trial court's finding, the bond does not apply to an unpaid judgment arising from acts that occurred years before the bond's effective date. We agree.

The Georgia Residential Mortgage Act, OCGA § 7-1-1000 et seq., requires that certain mortgage professionals, including mortgage lenders like Cotton State, post a bond in order to be licensed by the state. OCGA § 7-1-1003.2 (b) provides, in pertinent part, that the Georgia Department of Banking and Finance "shall not license or register any mortgage lender unless the applicant or registrant provides the department with a bond . . . in the principal sum of $150,000.00 or such greater sum as the department may require. . . ." Such a bond

> shall run to the State of Georgia for the benefit of any person damaged by noncompliance of a licensee with this article, the "Georgia Residential Mortgage Act," . . . [and] shall be conditioned upon the applicant or licensee conducting his or her licensed business in conformity with this article and all applicable laws[.]

OCGA § 7-1-1003.2 (d) (2). The Act further provides that any person "who may be damaged by noncompliance of a licensee with any condition of a bond or this [Act] may proceed on such bond against the principal or surety thereon, or both, to recover damages." OCGA § 7-1-1003.2 (e).

The Act, in OCGA § 7-1-1013, specifically prohibits various acts by mortgage business professionals, such as misrepresenting material facts in connection with a mortgage loan, failing to disburse funds in accordance with a mortgage loan agreement and improperly refusing to issue a satisfaction of a mortgage loan. Likewise, the Act plainly sets forth numerous requirements for mortgage lenders, including rules regarding the contents, posting and transferring of licenses (OCGA § 7-1-1006); regulations governing mortgage loan disclosures (OCGA § 7-1-1014); and regulations relative to advertising (OCGA § 7-1-1016).

In this case, the trial court did not find that there had been a violation of any of those specific requirements or of the prohibited acts plainly set forth in the Act. Rather, the trial court construed OCGA § 7-1-1017 (a) (1) to "require[ ] that a mortgage lender licensed under the Act pay, within 30 days of becoming final, any judgment entered against the lender arising out of . . . its mortgage business." Accordingly, the trial court concluded that Cotton State was not in compliance with the Act because it had not paid the final judgment entered against it on iFreedom's breach of contract claim, that iFreedom was damaged by that noncompliance and that iFree-

dom was thus entitled to recover on the bond.

However, contrary to the trial court's ruling, OCGA § 7-1-1017 does not impose a requirement on mortgage lenders that they pay a final judgment within 30 days. That Code section provides, in pertinent part, that the Department of Banking and Finance may suspend or revoke a mortgage lender's license

> for a violation of any provision of this article . . . , *or* for failure of the licensee . . . to pay, within 30 days after it becomes final, a judgment recovered in any court within this state by a claimant or creditor in an action arising out of the licensee's . . . business in this state as a . . . mortgage lender[.]

(Emphasis supplied.) OCGA § 7-1-1017 (a) (1). Likewise, other subsections of that statute further provide that the department may suspend a mortgage lender's license for failing to pay child support or defaulting on a student loan. OCGA § 7-1-1017 (a) (2), (3).

This statute gives rights not had under the common law. Thus, it is in derogation of common law and must be strictly construed.

> [I]t has always been a rule of construction of statutes that those in derogation of the common law, that is those which give rights not had under the common law, must be limited strictly to the meaning of the language employed, and not extended beyond the plain and explicit terms of the statute. The legislature is presumed to act with knowledge of this rule of construction, and with that body only lies the right and privilege to grant rights not given under the common law and to extend and broaden any rights so granted. Such is not the function of the courts.

(Citations and punctuation omitted.) *Delta Airlines v. Townsend*, 279 Ga. 511, 512 (1) (614 SE2d 745) (2005). Strictly limited to the plain meaning of the language employed in the statute, OCGA § 7-1-1017 (a) (1) does not mandate that a mortgage lender pay a judgment within 30 days. Rather, it simply gives the department the discretion to suspend or revoke a mortgage lender's license for failure to pay, within 30 days of it becoming final, a judgment arising from the mortgage lender's business. This statutorily-created administrative remedy cannot be extended beyond its plain terms to create an additional private cause of action against a mortgage lender's bond based on a failure to pay a judgment.

Moreover, the alternative language used in OCGA § 7-1-1017 (a) (1) — stating that the department may revoke a license for a

violation of the Act *or* failure to pay a final judgment — clearly shows that violating the Act and failing to pay a judgment are separate and distinct matters. If the failure to pay a judgment within 30 days constituted a violation of the Act, the alternative language used in OCGA § 7-1-1017 (a) would be nothing more than meaningless surplusage. However, we must "give each part of the statute meaning and avoid constructions that make some language mere surplusage. All parts of a statute should be harmonized and given sensible and intelligent effect, because it is not presumed that the legislature intended to enact meaningless language." (Citations omitted.) *Colonial Life &c. Ins. Co. v. Heveder*, 274 Ga. App. 377, 379 (618 SE2d 39) (2005). As recounted above, the Act sets forth certain prohibited acts and affirmative requirements for mortgage lenders that, if violated, may trigger bond liability. But the legislature clearly did not intend that the separate administrative and discretionary powers of the department to suspend or revoke a license for failure to pay a judgment should also trigger such bond liability. Had the legislature intended such a result, it could have plainly stated so in the Act.

"The liability [on a bond], of course, cannot be made to extend to any acts prior to its execution, in the absence of specific covenant to that effect. [Cits.]" *Armstrong v. Walton*, 147 Ga. 781, 784 (1) (95 SE 714) (1918). The bond issued by Hartford does not contain a specific covenant extending liability to acts prior to its execution. The acts which gave rise to iFreedom's breach of contract judgment against Cotton State arose before the bond was in effect, and thus are not covered by the bond. Although Cotton State's failure to pay that judgment occurred after the bond had been issued, as explained above, that failure may subject the mortgage lender to discretionary administrative sanction by the department, but it does not create a private right of recovery against the bond. The trial court's holding to the contrary erroneously extended Hartford's liability under the bond by implication or interpretation. "[A] surety's liability will not be extended by implication or interpretation." OCGA § 10-7-3.

Because there is no genuine issue of material fact and Hartford is entitled to judgment as a matter of law, OCGA § 9-11-56, the trial court erred in granting summary judgment to iFreedom and in denying summary judgment to Hartford on the bond claim. Accordingly, those erroneous rulings are hereby reversed.

## Case No. A11A1304

2. In its cross-appeal, iFreedom complains that the trial court erred in ruling that, as a matter of law, it cannot recover damages for Hartford's bad faith denial of iFreedom's claim on the bond. Given our holding above that Hartford is entitled to summary judgment on

that bond claim, it follows that it cannot be liable on the bad faith claim. Accordingly, that summary judgment ruling of the trial court is affirmed.

*Judgment reversed in Case No. A11A1303. Judgment affirmed in Case No. A11A1304. Phipps, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 27, 2011 — 

*Bovis, Kyle & Burch, John V. Burch, Schiff Hardin, Leah Ward Sears*, for appellant.

*Coles Barton, Thomas M. Barton, Aaron P. Tady*, for appellee.