*No. 12-0037-Hartford Fire Insurance Co., v. Micah A. Curtis and Angela L. Curtis, and*
*No. 12-0522-Hartford Fire Insurance Co., v. Jerry Lee Rhodes and Bonnie M. Cochran*

**FILED**

**June 21, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

Chief Justice Benjamin dissenting:

The majority's application of the exception in *State v. Myers*, 74 W. Va. 488, 82 S.E. 270 (1914) is based on the faulty premise that the bonds in these cases are judgment bonds. However, the express conditions of the bonds make it clear that they are performance bonds as they are conditioned upon the bond principal failing to faithfully conform to and abide by the provisions of the Act. The condition of the bonds is found in the first sentence of the third paragraph:

> NOW THEREFORE, if the said principal CALUSA INVESTMENTS, LLC shall conform to and abide by the provisions of said Act and of all rules and orders lawfully made or issued by the Commissioner of Banking thereunder, and shall pay to the State and shall pay to any such person or persons properly designated by the State any and all moneys that may become due or owing to the State or to such person or persons from said obligor in a suit brought by the Commissioner on their behalf under and by virtue of the provisions of said Act, then this obligation shall be void, otherwise it shall remain in full force and effect.

Thus, the principal does not breach the bond if it either abides by the Act and the rules issued by the Commissioner of Banking, or pays any damages to the State for a violation of the Act or rules. If the principal breaches this condition, then the surety becomes liable. The sentence immediately following the bond's condition instructs the

claimant how to make a claim against the bond and establishes a condition precedent to making such a claim. That sentence states, "If any person shall be aggrieved by the misconduct of the principal, he may upon recovering judgement (sic) against such principal issue execution of such judgement (sic) and maintain an action upon the bond . . . ." Thus, the procedure to be followed in asserting a claims on these bonds is to recover a judgment against the principal and, if such judgment goes unpaid, sue the surety, *i.e.*, "maintain an action upon the bond." Clearly, a plain reading of the bonds at issue establishes that they do not guarantee payment unconditionally.

Here, there has been no determination that the principals failed to comply with the laws and regulations applicable to them, and the surety had no opportunity to assert applicable defenses or challenge the amount of damages. Under the language contemplated in the bonds, the surety should have been given opportunity to defend. Other states including Georgia and Wisconsin have recently held that mortgage broker and lender bonds are not judgment bonds. *See e.g., Hartford Fire Insurance Co. v. iFreedom Direct Corp.*, 718 S.E.2d 103 (Ga.App. 2011) ("This statutorily-created administrative remedy cannot be extended beyond its plain terms to create an additional private cause of action against a mortgage lender's bond based on a failure to pay a judgment."); *Lingo v. Hartford Fire Ins. Co.*, 2010 WL 1837718 at *3 (E.D. Mo. 2010) ("The bonds at issue are not judgment bonds, but rather performance bonds as they are conditioned upon the bond principal . . . failing to 'faithfully conform to and abide by the provisions of the . . . Act'"); *All Cities Privacy Class v. Hartford Fire Insurance Co.*, 798

N.W.2d 909 (Wis.App. 2011) ("Hartford is not required to pay the judgment rendered against All Cities under the plain terms of the surety bond and WIS STAT. §224.72(4)(d)(1).").

The majority's ruling, akin to a strict liability standard, adversely impacts the surety market by allowing plaintiffs to collect up to the full amount of the bond without ever having to prove a case. Now claimants' attorneys can merely sue a defunct mortgage lender, obtain default judgment and present the judgment to a surety for satisfaction. This will undoubtedly increase the risk of writing such bonds in West Virginia and make it harder for honest, legitimate lenders to obtain the bonds.

Because there has been no determination on the merits below that the principals failed to comply with the laws and regulations applicable to them, and the surety had no opportunity to assert applicable defenses or challenge the amount of damages, I believe that the circuit courts' rulings were erroneous. Accordingly, I respectfully disagree with and dissent to the majority's holding in this case.