*State ex rel. State of West Virginia v. Honorable James Young, sitting by assignment as Judge of the Circuit Court of Cabell County, West Virginia, et al.*, No. 25-371

**FILED**

**April 7, 2026**

**released at 3:00 p.m.**
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEAL
OF WEST VIRGINIA

TRUMP, Justice, dissenting:

I respectfully dissent from the majority's decision and, for the reasons discussed below, I would refuse to issue the writ of prohibition in this case.

Prohibition is not warranted in this case. The lower court did not commit a "substantial, *clear-cut, legal error*[] plainly in contravention of a *clear* statutory, constitutional, or common law mandate. . . ." Syl. Pt. 1, in part, *Hinkle v. Black*, 164 W. Va. 112, 262 S.E.2d 744 (1979) (emphasis added), *superseded, in part, by statute on other grounds as stated in State ex rel. Thornhill Grp., Inc. v. King*, 233 W. Va. 564, 759 S.E.2d 795 (2014). That the majority had to rely on the rules of statutory construction to construe the statutes of limitation at issue in this case belies its conclusion that the court committed clear error as a matter of law as required by syllabus point 4 of *Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996). While I agree that some of the *Hoover* factors may weigh in favor of the State, here – as it always does – this case turns on factor (3): "whether the lower tribunal's order is clearly erroneous as a matter of law." *Id.* at 15, 483 S.E.2d at 15. As *Hoover* explains, "the third factor, the existence of clear error as a matter of law, should be given substantial weight." *Id*.

In order to determine whether the Circuit Court of Cabell County's order below is "clearly erroneous as a matter of law," we must, just as the lower court was compelled to do, examine two different statutes which address the same subject and which, at least in part, conflict with one another as each would be applied to the facts of this case. The statute preferred by the defendants, and upon which the lower court relied, is West Virginia Code § 61-11-9, which provides that "[a]

1

prosecution for a misdemeanor shall be commenced within one year after the offense was committed[.]" The State, however, argues that the controlling statute is West Virginia Code § 3-9-24, which provides that "[n]o person shall be prosecuted for any crime or offense under any provision of this chapter, unless upon an indictment found and presentment made within five years after the date of the commission of the crime or offense."

As noted by the majority, each defendant was indicted by the Cabell County Grand Jury for two election-law misdemeanors. The indictment[1] alleges that in filing to run for office, each defendant knowingly misrepresented the magisterial district in which she resided and that each defendant aided and abetted the other in doing the same, all in violation of West Virginia Code § 3-9-3(b), which prohibits "any person making any declaration required under [the Election Code from] knowingly mak[ing] a false statement or representation therein, or [from] counsel[ing], advis[ing], aid[ing] or abet[ting] another to make such a declaration containing any false statement or representation[.]" To resolve the defendants' motion to dismiss, the court was required to determine which of two conflicting statutes – West Virginia Code § 61-11-9 or West Virginia Code § 3-9-24 – governs the charged misdemeanor election law violations. If the one-year limitation in § 61-11-9 applies, dismissal of the indictment was manifest and proper, as the alleged February 3, 2022, offenses were not indicted until April 7, 2025; if, however, the five-year period in § 3-9-24 controls, the charges were timely and dismissal was unwarranted.

---

[1] Both defendants were charged together in a single indictment setting forth four counts of election law misdemeanors, two counts against each defendant, as well as a count charging both defendants with conspiracy. The conspiracy charge, like the other four charges, was dismissed by the circuit court as being outside the statute of limitations for the prosecution of misdemeanors established by West Virginia Code § 61-11-9. The State did not seek prohibition of the lower court's dismissal of the conspiracy charge.

An examination of the histories of the two statutes is necessary to arrive at the correct answer to the question now laid before this Court. Our law codified at West Virginia Code § 61-11-9, requiring that "[a] prosecution for a misdemeanor shall be commenced within one year after the offense was committed[,]" is older than the State of West Virginia itself. It came to us from the mother commonwealth, and as long as there has been a State of West Virginia, our code of laws has provided a one-year statute of limitation on the prosecution of misdemeanors.[2] *See* 1847-48 Va. Acts 114 ("Prosecutions for . . . all other misdemeanors [shall be commenced] within one year next after commission of the offense or wrongful act, and not afterwards."). It is equally important for purposes of analysis of the history of the two statutes before us that our law does not contain any generally applicable statute of limitation for the prosecution of a felony. *See State v. Carrico,* 189 W.Va. 40, 43, 427 S.E.2d 474, 477 (1993) (noting that "West Virginia has no statute of limitations affecting felony prosecutions.").[3]

In an extraordinary session in 1908, the West Virginia Legislature passed "An Act limiting the time within which certain offenses may be punished." 1908 W. Va. Acts 84-85. That enactment provided as follows:

> Sec. 1. No prosecution shall be had for any violation of the laws concerning elections by the people, or the laws concerning

---

[2] As discussed below, the Legislature has created some statutory exceptions to the one-year statute of limitation on the prosecution of misdemeanors.

[3] There are some statutory exceptions to the rule that there is no statute of limitation for the prosecution of a felony in West Virginia. Indeed, one of the statutes under examination in this case contains one such limitation. West Virginia Code § 61-11-9 provides, in a part immaterial to this case, that "[a] prosecution for committing or procuring another person to commit perjury shall be commenced within three years next after the perjury was committed." Perjury is a felony. *See* W. Va. Code §§ 61-5-1 and 61-5-3.

3

offences relating to elections, or of the laws relating to the nomination of candidates for public office, unless indictment be found, or presentment made, or prosecution be begun for the offence within one year after the same was committed.

Sec. 2. All acts and parts of acts inconsistent with this act, are hereby repealed.

*Id.* By its clear language, this statute applied to both felonies and misdemeanors ("any violation of the laws concerning elections by the people. . . ."). As noted above, when this statute was enacted, there was already in place a statute requiring that prosecution for any misdemeanor must be commenced within one year of the commission of the offense. The records of the Legislature do not reveal anything about its intent in 1908, but what seems obvious is that the Legislature sought to set a limitation of one year for the commencement of a prosecution of an election-law felony. As noted above, until the enactment of this statute in 1908, there was no statute of limitation applicable to the prosecution of an election-law felony, and there had already long been a statute setting one year as the time limit for commencing a prosecution of any misdemeanor.

It should also be noted that section 2 of the 1908 enactment would have had no effect upon the already-existing one-year statute of limitation on misdemeanors. The repealer language of section 2 of the 1908 act applied only to "acts and parts of acts *inconsistent* with" the new act. The statute already in place, requiring that prosecution of a misdemeanor be commenced within one year after commission of the offense, was not *inconsistent* with the new act requiring that prosecution of any election law violation be commenced within one year. If anything, it was redundant with regard to misdemeanor violations of the Election Code. In any event, we can safely say that the 1908 act did not conflict with or repeal the existing limitation for misdemeanor prosecutions.

The 1908 statute remained in place in that form from the time of its enactment until 1963. In 1963, the West Virginia Legislature enacted a comprehensive election law. 1963 W. Va. Acts 221-379. This Act repealed all of Chapter 3 of the West Virginia Code as it then existed and replaced it with a new Chapter 3, the form of which divided the chapter into ten separate articles, each with a varying number of sections. As enacted, the new statute of limitation provided that "[n]o person shall be prosecuted for any crime or offense under any provision of this chapter, unless upon an indictment found and presentment made within *one* year after the date of the commission of the crime or offense." W. Va. Code § 3-9-24 (1963) (emphasis added).

Again, according to its plain terms, the limitation imposed by this section applied to both election-law felonies and misdemeanors ("any crime or offense under any provision of this chapter. . . ."). The one-year limitation for the commencement of all prosecutions remained from the 1908 law, but the 1963 statute did make a change in the manner in which the prosecution of an election law misdemeanor could be commenced. The statute required for the first time that no one could be prosecuted for an election law offense except upon "indictment found and presentment made," in other words upon a true bill returned by a grand jury. Article III, section 4 of the West Virginia Constitution has always required that, for a felony, a formal charge must be made by a grand jury, but our constitution does not require that a person be indicted by a grand jury when the offense charged is "cognizable by a justice," i.e., a misdemeanor. So, while West Virginia Code § 3-9-24 (1963) did not change the temporal requirements established by the 1908 statute (one year to commence a prosecution), it did extend the constitution's grand jury protections to those persons accused of election law misdemeanors.

The 1963 enactment of West Virginia Code § 3-9-24 remained in effect until 1978, when it was amended to provide that "[n]o person shall be prosecuted for any crime or offense under any provision of this chapter, unless upon an indictment found and presentment made within *five* years after the date of the commission of the crime or offense. *Id.* (emphasis added). As seen, the 1978 amendment to this statute changed "one year" to "five years." This version of the statute is one of the two statutes with which the lower court had to contend.

The Legislative record provides little help in seeking to ascertain exactly what the Legislature intended when it amended this section in 1978. I agree that, on its face, this statute appears to apply to both felonies and misdemeanors delineated in the Election Code. Little question may exist that the Legislature sought to extend from one year to five years the time within which the State could commence prosecution of an election law felony. This is manifest from the fact that, but for this statute, there would be no time limitation upon the commencement of a prosecution for an election-law felony. But what of misdemeanors under Chapter 3? After 1978, for the first time, this statute, as it related to misdemeanors, conflicted with West Virginia Code § 61-11-9.

When West Virginia Code § 3-9-24 was amended and re-enacted in 1978, it did not include any language like the repealing section found within the 1908 law: "All act and parts of acts inconsistent with this act, are hereby repealed." Such language, were it part of West Virginia Code § 3-9-24, would surely help to clarify what the Legislature was seeking to do in 1978.

6

It is worth noting here that a general principle applied by this Court historically to its analysis of legislative enactments is that we presume that the Legislature is aware of and understands the laws that it has passed. *See* Syllabus, *State ex rel. Berkeley County Court v. Keedy*, 124 W. Va. 408, 20 S.E.2d 468 (1942) ("In the enactment of a statute, the legislature must be presumed to have acted with full knowledge of all prior statutes dealing with the same subject matter."); *State v. Hinkle*, 129 W. Va. 393, 397, 41 S.E.2d 107, 109 (1946) ("The Legislature is presumed to know of the existence and the effect of its prior enactments when it passes subsequent legislation."); Syl. Pt. 1, *Duff v. Kanawha County Commission*, 250 W. Va. 510, 905 S.E.2d 528 (2024) ("It is a settled principle of statutory construction that courts presume the Legislature drafts and passes statutes with full knowledge of existing law."). This is the point at which the majority, in my opinion, misapprehends application of established principles. While the majority correctly cites applicable principles of law, it misapplies them. As noted by the majority, it is well established that "[r]epeal of a statute by implication is not favored in law." Syl. Pt. 1, *State ex rel. City of Wheeling v. Renick*, 145 W. Va. 640, 116 S.E.2d 763 (1960). The majority presumes that in 1978 the Legislature intended to repeal or supersede West Virginia Code § 61-11-9, as that statute would relate thenceforth to election law misdemeanors. The only evidence to which the majority points for this proposition is the text of West Virginia Code § 3-9-24, but the text of the statute does not support this conclusion.

One does not have to dig too deeply within the West Virginia Code to find examples of statutes in which the Legislature has demonstrated that it knows how to elevate one statute's application over another's in a particular circumstance, and how to subordinate one statute to another in a particular circumstance. *See* W. Va. Code § 11-9-15 (1984) (limiting prosecution under

the Tax Code to "three years after the offense was committed, *notwithstanding any provision of this code to the contrary*.") (emphasis added); W. Va. Code § 22-1-16 (2000) (requiring the Department of Environmental Protection, "*notwithstanding any provision of this code to the contrary*," to commence criminal action "within three years from the date the right to bring the . . . proceeding has accrued.") (emphasis added); W. Va. Code § 61-5A-9(e) (1970) (requiring prosecutions for misdemeanors under the Bribery and Corrupt Practices Act to be brought within six years "[*n*]*otwithstanding the provisions of [W. Va. Code § 61-11-9] or any other provision of law to the contrary*[.]") (emphasis added). No such language – making clear the Legislature's intention to extend the statute of limitations for election-law misdemeanors – may be found anywhere within West Virginia Code § 3-9-24. This Court must not write into a statute provisions which the Legislature could have, but did not, include. *See Banker v. Banker*, 196 W. Va. 535, 546-47, 474 S.E.2d 465, 476-77 (1996) ("It is not for this Court to read into [a statute] that which it does not say. Just as courts are not to eliminate through judicial interpretation words that were purposely included, we are obligated not to add to statutes something the Legislature purposely omitted."); *State v. Richards*, 206 W. Va. 573, 577, 526 S.E.2d 539, 543 (1999) ("It is not the province of the courts to make or supervise legislation, and a statute may not, under the guise of interpretation, be modified, revised, amended, distorted, remodeled, or rewritten[.]") (citation omitted); *Motto v. CSX Transp., Inc.*, 220 W. Va. 412, 420, 647 S.E.2d 848, 856 (2007) ("Where the Legislature itself has not acted, it is improper for this Court, under the guise of statutory interpretation, to amend legislative enactments in order to judicially impose upon the Legislature a result it did not intend.").

The majority correctly acknowledges that, if there is a conflict between statutes, the Legislature's most recent pronouncement of the law on the subject controls. However, the majority drew the wrong conclusion from its application and analysis of this principle. West Virginia Code § 3-9-24 was enacted in its current form in 1978. West Virginia Code § 61-11-9, on the other hand, was last amended and re-enacted in 2002. The majority chooses nonetheless to give effect to the older of the Legislature's enactments at the expense of the Legislature's more recent expression of the law. Of course, had the Legislature intended for West Virginia Code § 3-9-24 to be and remain controlling, even in the face of a subsequent amendment and re-enactment of West Virginia Code § 61-11-9, it need only have included a clear supersession clause, such as "notwithstanding any provision of this code to the contrary," to indicate its intent for that statute to apply over any conflicting law, as it did in the tax, environmental protection, and bribery and corrupt practices statutes cited above.

Given the foregoing, I cannot join the majority's holding that the circuit court's ruling was "clearly erroneous as a matter of law," the third, and most weighty, of the *Hoover* factors. In my opinion, the lower court reached the correct decision. Moreover, even if the lower court's decision was erroneous, it is only because a majority of this Court has now, for the first time ever, declared that the statute of limitation in the Election Code applies to misdemeanor election law offenses rather than the almost two hundred year-old misdemeanor statute of limitation found in West Virginia Code § 61-11-9. That does not constitute a "clear error of law" that would entitle the State to the extraordinary remedy of a writ of prohibition. *Hoover* requires that the lower court's decision be "*clearly* erroneous as a matter of law" in order to warrant the issuance of a writ of prohibition. Syl. Pt. 4, *Hoover*, 199 W. Va. at 12, 483 S.E.2d at 12. Such clear error is not present here.

9

We must be mindful that the circumstances under which the State of West Virginia may seek a writ of prohibition involving a criminal defendant are quite limited: only "where the trial court has exceeded or acted outside of its jurisdiction." Syl. Pt. 5, in part, *State v. Lewis*, 188 W. Va. 85, 422 S.E.2d 807 (1992), *superseded on other grounds by statute as recognized in State v. Butler*, 239 W. Va. 168, 179 n.27, 799 S.E.2d 718, 729 n.27 (2017). Because a writ of prohibition is an extraordinary remedy available to the State only in narrowly defined circumstances, strict adherence to its substantive prerequisites is essential. Here, I believe that the circuit court committed no clear error of law; accordingly, the petition should be denied.

Therefore, for the reasons stated above, I respectfully dissent.